**James A. BURKE, and on behalf of all others similarly situated, Plaintiff-Appellant,**

**v.**

**UNITED STATES of America et al., Defendants-Appellees.**

**No. 71-2807.**

United States Court of Appeals, Ninth Circuit.

June 20, 1973.

280

James A. Burke, pro. per.

James L. Browning, Jr., U. S. Atty., Richard F. Locke, Asst. U. S. Atty., San Francisco, Cal., for defendants-appellees.

Before CHAMBERS, TRASK and WALLACE, Circuit Judges.

PER CURIAM:

Appellant challenges the constitutionality of 38 U.S.C. § 1795 which limits the amount of aggregate benefits a person may receive under two or more veterans' assistance laws.[1] Appellant had received benefits under the War Orphans' & Widows' Educational Assistance Act, 38 U.S.C. § 1700 et seq., (chapter 35) of $110 per month for a total of $31\frac{1}{4}$ months and thereafter applied for benefits under the Veterans' Educational Assistance Act, 38 U.S.C. § 1651 et seq., (chapter 34) which provides for a possible maximum entitlement of 36 months of benefits. With the $31\frac{1}{4}$ months under chapter 35, the benefits would have aggregated $67\frac{1}{4}$ months. Under 38 U.S.C. § 1795, *supra,* he was

1. Section 1795 (as renumbered and amended from section 1791) provides in pertinent part:

"The aggregate period for which any person may receive assistance under two or more of the laws listed below—

\* \* \* \* \* \*

"(4) chapters 31, 34, 35, and 36 of this title, and the former chapter 33 may not exceed 48 months . . . ."

limited to a maximum aggregate of 48 months under both chapters. It is this limitation of which he complains. He contends that it violates his right to equal protection of the laws as well as his rights guaranteed by the due process clause. The district court found otherwise and dismissed the action. We affirm.

■ Two procedural issues were raised by a request for a three-judge court and for a class action. Both requests were denied and we believe properly. In order that a three-judge court be convened pursuant to 28 U.S.C. § 2282 et seq. the federal question must be a substantial one. California Water Service Co. v. Redding, 304 U.S. 252, 254, 58 S.Ct. 865, 82 L.Ed. 1323 (1938); Howfield, Inc. v. United States, 409 F. 2d 694, 697 (9th Cir. 1969); Carlough v. Finch, 309 F.Supp. 1025, 1027 (S.D. Fla. 1969). The appellant has failed to establish this as we shall presently show. The request for a class action becomes moot when the merits are determined against the appellant and we do not pass on that issue.

■ To determine whether a statute violates the Equal Protection Clause, we first examine three criteria:

"[T]he character of the classification in question; the individual interests affected by the classification; and the governmental interests asserted in

support of the classification." Dunn v. Blumstein, 405 U.S. 330, 335, 92 S.Ct. 995, 999, 31 L.Ed.2d 274 (1972).

■ Appellant asserts that he is classified differently from other eligible veterans because he is a war orphan, having lost his father as a combat casualty in 1945. Thus a limitation of benefits is imposed upon him which is not imposed upon others, in that he does not receive the maximum benefits under chapter 34 (Veterans' Educational Assistance) although he does receive an aggregate benefit in excess of the total allowable chapter 34 benefits. The governmental interests served by the classification appear to be prompted by considerations of economy, budget and legislative judgment as to what is desirable and proper under the circumstances. No more explicit legislative history has been cited.[2]

Both appellant and appellee agree that the test to be applied to the classification for the purpose of determining its validity is whether it is arbitrary and without rational justification. In a slightly different context, that of termination of Social Security benefits, the Court said in Flemming v. Nestor, 363 U.S. 603, 611, 80 S.Ct. 1367, 1373, 4 L. Ed.2d 1435 (1960):

"The interest of a covered employee under the Act is of sufficient substance to fall within the protection

---

2. The purposes of Chapter 34 benefits are stated in 38 U.S.C. § 1651 to be as follows:

"The Congress of the United States hereby declares that the education program created by this chapter is for the purpose of (1) enhancing and making more attractive service in the Armed Forces of the United States, (2) extending the benefits of a higher education to qualified and deserving young persons who might not otherwise be able to afford such an education, (3) providing vocational readjustment and restoring lost educational opportunities to those servicemen and women whose careers have been interrupted or impeded by reason of active duty after January 31, 1955, and (4) aiding such persons in attaining the vocational and educational status which they

might normally have aspired to and obtained had they not served their country."

The purposes of Chapter 35 benefits are recited in 38 U.S.C. § 1700 as follows:

"The Congress hereby declares that the educational program established by this chapter is for the purpose of providing opportunities for education to children whose education would otherwise be impeded or interrupted by reason of the disability or death of a parent from a disease or injury incurred or aggravated in the Armed Forces after the beginning of the Spanish-American War, and for the purpose of aiding such children in attaining the educational status which they might normally have aspired to and obtained but for the disability or death of such parent."

from arbitrary governmental action afforded by the Due Process Clause. In judging the permissibility of the cut-off provisions of § 202(n) from this standpoint, it is not within our authority to determine whether the Congressional judgment expressed in that section is sound or equitable, or whether it comports well or ill with the purposes of the Act. 'Whether wisdom or unwisdom resides in the scheme of benefits set forth in Title II, it is not for us to say. The answer to such inquiries must come from Congress, not the courts. Our concern here, as often, is with power, not with wisdom.' Helvering v. Davis, *supra*, [301 U.S. 619] at 644 [57 S.Ct. 904, at 910, 81 L.Ed. 1307]. Particularly when we deal with a withholding of a noncontractual benefit under a social welfare program such as this, we must recognize that the Due Process Clause can be thought to interpose a bar only if the statute manifests a patently arbitrary classification, utterly lacking in rational justification."

Appellant relies upon Shapiro v. Thompson, 394 U.S. 618, 633, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969), to support his contention that a classification based upon a "financial saving alone" will not justify an otherwise invidious classification. The classification which was invidious in *Shapiro* was one based upon length of residence in order to qualify for welfare benefits. The reason a residence requirement imposed an invidious discrimination was that it interfered to an intolerable degree with a constitutional right to travel. No such situation prevails here. On the contrary, all eligible veterans may obtain benefits. Requirements of eligibility do not conflict with any basic constitutional right and are not conditioned upon relinquishment of any fundamental right. Reliance by appellant upon Rinaldi v. Yeager, 384 U.S. 305, 86 S.Ct. 1497, 16 L.Ed. 2d 577 (1966), is equally inapposite. There an *in forma pauperis* appellant in a criminal case was by statute required to repay the cost of a transcript used in his unsuccessful appeal while others in a similar position were not required to repay. The authority is not in point. Congress here has simply fixed a maximum aggregate limitation on the entitlements a person may receive from several different programs of assistance to veterans and widows and orphans of veterans. No suspect classification is made and there is no invidious discrimination. The basic governmental interest in each program in issue is the furtherance of educational opportunities for those to be benefited. Both the purpose of the programs and the limitations upon the total entitlements support a rational and reasonable governmental interest.

The judgment is affirmed.