**William J. WARNER, Jr., et al., etc., Plaintiffs-Appellants,**

v.

**BOARD OF TRUSTEES OF the POLICE PENSION FUND OF the CITY OF NEW ORLEANS, and its members, Capt. Alvin H. Rankin, et al., Defendants-Appellees.**

No. 74-2303.

United States Court of Appeals, Fifth Circuit.

Nov. 13, 1975.
Rehearing En Banc Granted
Dec. 9, 1975.
See 528 F.2d 505.

Henry L. Klein, New Orleans, La., for plaintiffs-appellants.

Lamar Richardson, Jr., Metairie, La., for John Suitt.

Richard A. Dowling, Dorothy D. Wolbrette, Bueker Amann, Asst. City Attys., New Orleans, La., for Police Pension.

William Guste, Jr., Atty. Gen., Baton Rouge, La., William P. Curry, Jr., Asst. Atty. Gen., New Orleans, La., for defendants-appellees.

Before TUTTLE, GODBOLD and MORGAN, Circuit Judges.

PER CURIAM:

This appeal, submitted at the same time as the case of *Muzquiz v. City of San Antonio et al.,* 5th Cir., 520 F.2d 993 dec., October 8, 1975, presents precisely the same jurisdictional issues as, and its disposition is controlled by, our decision in that case.

We hold that the trial court's order dismissing the complaint for want of federal subject matter jurisdiction was error for the reasons stated by us in the *San Antonio* case. What we have said on the merits of the complaint in *San Antonio* may also have disposed of the claims of the plaintiffs here when the case is submitted on remand. However, neither party addressed the merits here so we do not reach the question whether plaintiffs have alleged a state of facts upon which relief could be granted.

The judgment of dismissal is reversed and the case is remanded for further proceedings.

GODBOLD, Circuit Judge (dissenting):

For the reasons set out in my dissenting opinion in *Muzquiz v. City of San Antonio,* 520 F.2d 993, C.A.5, 1975, I would affirm the District Court's finding that there is no § 1983 jurisdiction.