**James H. DUNN, Plaintiff-Appellant,**

v.

**C. Murray HENDERSON, Warden, Louisiana State Penitentiary, et al., Defendants-Appellees.**

**No. 74–1267
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

March 9, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

James H. Dunn, pro se.

William J. Guste, Jr., Atty. Gen., Baton Rouge, La., Michael E. Ponder and Jesse Marks, Sp. Counsel, New Orleans, La., for defendants-appellees.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

PER CURIAM:

Appellant Dunn appealed from the district court's denial of relief and dismissal of his civil rights action, 42 U.S.C. § 1981 *et seq.* We remand for further proceedings not inconsistent with this opinion.

In 1972 appellant filed this action in which he sought both injunctive relief *and* monetary damages. His complaint was based on the allegedly unsanitary conditions and inadequate facilities of the Louisiana State Penitentiary at Angola.

The district court refused to allow appellant to proceed *in forma pauperis* and he appealed from this refusal. We allowed him to proceed *in forma pauperis* and remanded the case to accord appellant the opportunity to substantiate his claims concerning prison conditions.

*Dunn v. Department of Corrections,* No. 72–3560 (5th Cir., Nov. 27, 1972) (unpublished order).

Pursuant to this directive, the district court conducted an evidentiary hearing. Thereafter, that court entered an extensive order detailing the reasons for its determination that appellant was not entitled to injunctive relief. Although the district judge implicitly found that appellant's present incarceration at Angola was not violative of the eighth or fourteenth amendments, the court did not reach a conclusion concerning either the constitutionality of his confinement prior to the time of the hearing or his entitlement to monetary damages. *See, e. g., Culp v. Martin,* 471 F.2d 814 (5th Cir. 1973); *Campbell v. Beto,* 460 F.2d 765 (5th Cir. 1972).

We note that the court retained jurisdiction on the question of inadequate heating and may wish to resolve this issue upon remand. In order to avoid the piecemeal adjudication of this cause, we pretermit any decision concerning the denial of injunctive relief by the district court. We make no intimation as to the merits of appellant's claim for damages, but it is our conclusion that there must be some disposition of this claim by the trial court. Accordingly, this cause is remanded for findings of fact and conclusions of law concerning appellant's claim for damages. *See, e. g., Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Gates v. Collier,* 522 F.2d 81 (5th Cir. 1975); *Newman v. Alabama,* 522 F.2d 71 (5th Cir. 1975).

Remanded with directions.