**Frederick McGILL et al.,
Plaintiffs-Appellants,**

v.

**James C. PARSONS et al.,
Defendants-Appellees.**

No. 75–2942
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 1, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409. Part I.

William M. Dawson, Jr., Edward Still, Birmingham, Ala., for plaintiffs-appellants.

Charles H. Wyatt, Jr., Birmingham, Ala., for defendants-appellees.

Before BROWN, Chief Judge, GEWIN and MORGAN, Circuit Judges.

JOHN R. BROWN, Chief Judge:

This is an appeal from an order entered by the Trial Court on June 6, 1975 which vacated a previous order entered March 28, 1975 which certified the suit as a class action and set definite guidelines on how long a person arrested by Birmingham, Alabama police without a warrant may be held before he is accorded a probable cause hearing before a state magistrate. While we share the Trial Court's reluctance to establish definite time limits beyond which a prisoner cannot be held without being accorded a probable cause hearing, we must nevertheless reverse and remand for we cannot accept the five enumerated reasons which the Trial Court gave for rendering the order (App. 60–62). We further believe the plaintiffs' class should be entitled to appropriate relief because their complaint falls well within *Gerstein v. Pugh*, 1975, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 and our recent decision in *Moss v. Weaver*, 5 Cir., 1976, 525 F.2d 1258.[1]

## Facts

Plaintiff-class representative, McGill, was arrested by Birmingham City police without

---

1. By its order of February 24, 1975 the Court granted partial summary judgment for the defendants on all claims of monetary damages as to defendant Parsons and all claims of monetary and injunctive relief as to defendant Holcomb. App. at 53–54. The Supreme Court has recently spoken concerning the appealability of partial summary judgments. Said the Court:

   The order, viewed apart from its discussion of Rule 54(b), constitutes a grant of partial summary judgment limited to the issue of petitioner's liability. Such judgments are by their terms interlocutory, see Fed.Rule Civ. Proc. 56(c), and where assessment of damages or awarding of other relief remain to be resolved have never been considered to be "final" within the meaning of 28 U.S.C. § 1291. See, e. g., *Borges v. Art Steel Co.*, 243 F.2d 350 (CA2 1957), *Leonidakis v. International Telecoin*, 208 F.2d 934 (CA2 1953), *Tye v. Hertz Drivurself Stations*, 173 F.2d 317 (CA3 1949), *Russell v. Barnes Foundation*, 136 F.2d 654 (CA3 1943). Thus the only possible authorization for an appeal from the District Court's order would be pursuant to the provisions of 28 U.S.C. § 1292. (Footnotes omitted).

   *Liberty Mutual Insurance Co. v. Wetzel*, 1976, —— U.S. ——, ——, 96 S.Ct. 1202, 1206, 47 L.Ed.2d 435, 441 [1976]. Consequently, the damage claim against the officials is still before the District Court for such action as is appropriate notwithstanding the entry of orders which may appear to finally terminate them.

   In addition, the Court in this order severed the claims for injunctive relief from those for monetary relief and only those concerning injunctive relief are considered on this appeal. The effective denial of an injunction, however, gives us jurisdiction. 28 U.S.C.A. § 1292(a)(1).

   Thus, our recent decisions *en banc* in *Muzquiz v. City of San Antonio, et al.*, 5 Cir., 1976, 528 F.2d 499 (panel opinion reported at 520 F.2d 993) and *Warner v. Board of Trustees of the Police Pension Fund, etc.*, 5 Cir., 1976, 528 F.2d 505 (panel opinion reported at 522 F.2d 1384) do not stand in the way. In those cases we decided that monetary damages or

a warrant on a possible charge of assault with intent to murder on July 13, 1974. He was placed in the city jail since the county jail normally does not receive city arrestees until a warrant is filed. He was not accorded a probable cause hearing before a state magistrate until about noon of July 16, 1974 at which time a warrant did issue and he was subsequently released on $500 bond on July 17, 1974. However, at 8:40 a. m. on July 16, during the time when plaintiff remained incarcerated without a warrant, he instituted suit on behalf of himself and others similarly situated under 42 U.S.C.A. §§ 1981, 1983, 1985, and 1988 alleging that this detainment infringed upon various constitutional rights. As mentioned above, on March 28, 1975 the Court entered an order [2]

awards could not be granted against persons acting as the instrumentality of government entities which are concededly "non-persons" for § 1983 purposes under *City of Kenosha v. Bruno*, 1973, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109; *Moor v. County of Alameda*, 1973, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596; *Monroe v. Pape*, 1961, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492, if the effect of such an award would be to indirectly extract funds from the public coffers to pay it. Clearly, the injunctive relief requested in this suit would not result in the kind of monetary burden to the state which we proscribed in *Muzquiz* and accordingly we surmount the initial jurisdictional barrier of § 1983.

At this juncture, since the claims for monetary damages are not considered in this appeal we need not reach the issue of whether § 1983 and § 1985 require personal involvement of a particular defendant or whether liability may be imposed upon the doctrine of respondeat superior. Accordingly, since the June 6, 1975 order presented under review did not deal with the damage issues but only whether injunctive relief is appropriate, we express no opinion as to whether the plaintiff's damage claims have merit. Cf. *Dunn v. Henderson*, 5 Cir., 1976, 529 F.2d 446 [1976].

2. The March 28, 1975 Order provided:

This cause came on to be heard specially on the motion of the defendants to dismiss the complaint and to determine that this case cannot be maintained as a class action; and upon motion of the plaintiff Frederick McGill, individually and in behalf of all others similarly situated, for summary judgment.

The court has reviewed the motions, grounds therefor, and all germane affidavits, and has conducted hearings to determine if this cause could properly be a class action within the meaning of Federal Rules of Civil Procedure, Rule 23. After a careful consideration of all applicable law the court is of the opinion that defendants' motion to dismiss is due to be overruled; therefore, the action is properly maintained as a class action. Further, the court is of the opinion that no genuine issue as to any material fact in this cause exists and that plaintiffs are entitled to a judgment as a matter of law.

Accordingly, it is ORDERED, ADJUDGED and DECREED that as to the plaintiffs' class, consisting of those persons who are presently or who will be incarcerated by the defendants on possible felony charges in the Birmingham City Jail pursuant to a warrantless arrest for an unreasonable period of time without being taken before a magistrate or without having bail set, the defendants are hereby permanently enjoined from following procedures that will lead to the detention of or incarceration of the plaintiffs in the manner specified in the complaint on file in this cause.

It is FURTHER ORDERED that as a matter of fourth amendment right, and in accordance with the recent United States Supreme Court decision in *Gerstein v. Pugh*, the defendants must afford the plaintiffs' class a probable cause hearing by a detached and neutral magistrate, ex parte in nature, for the purpose of determining whether there is probable cause to believe that a crime has been committed and that the arrested person is involved in the crime. It is intended by the court that bail will be set at the time a warrant is issued. This probable cause hearing must occur within a reasonable time after arrest, and in all events a hearing must be had before a magistrate within a reasonable time, not to exceed twenty-four (24) hours.

In those circumstances where the arrest is made for an investigation of the arrested party without warrant, or where the Birmingham police have arrested a person and have reason to believe that the person has been involved in additional crimes in Alabama or other states, including the belief that a fugitive warrant may be outstanding, it is hereby ORDERED that the following procedure be followed:

Within a reasonable time, not to exceed twenty-four (24) hours after arrest, a probable cause hearing must be afforded the arrested person, before a detached and neutral magistrate, ex parte in nature, for the purpose of determining that there is probable cause to hold the arrested person in custody for further investigation. The arresting officer or person requesting the further detention will present to the magistrate an affida-

granting the plaintiff the equitable relief sought but on June 6, 1975 vacated that order and it is from the June 6 order that this appeal is taken.[3]

vit setting out the information and reasons supporting his request and stating the time requested. Upon a finding by the magistrate that there is probable cause for further detention, the magistrate shall determine what is a reasonable time for further detention under the particular circumstances. The arrested person may then be held in custody for that period, but in no instance may the magistrate approve further detention for a period in excess of seventy-two (72) hours. At the expiration of the reasonable time, not to exceed seventy-two (72) hours, the person will be charged or released from custody.

A TRUE COPY
WILLIAM E. DAVIS, CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
BY: (s) Jacquelyn H. Crowley

DEPUTY CLERK

### Mootness

It is evident from the five enumerated reasons[4] which the trial court gave for

By this order, the court retains jurisdiction over these matters to prevent the continuation of the occurrences complained of in the complaint, and to ensure that within a reasonable time, not to exceed twenty-four (24) hours, all persons arrested without warrant on possible felony charges will be provided an impartial probable cause hearing, to determine whether a warrant should be issued and bail set, or to determine if there is probable cause to hold or detain the arrested person for investigation into said person's involvement in other crimes, for a reasonable time, not to exceed seventy-two (72) hours, and at that time be charged or released.
Done this 28th day of March, 1975.

UNITED STATES DISTRICT JUDGE
/s/ J. FOY GUIN, JR.

3. The plaintiff in his complaint, and amended complaint, asserts violations of the Fifth, Sixth, Seventh and Fourteenth Amendments but does not specifically refer to the Fourth Amendment. Although we believe the proper theory of recovery for facts as those clearly set forth in detail is infringement upon Fourth Amendment rights as elucidated by the Supreme Court in *Gerstein* it would be hypercritical not to consider the real constitutional claim. The defendants had adequate notice, F.R.Civ.P. 8, of what conduct on their part was alleged to be constitutionally unacceptable.

4. The Court stated its reasons for vacating its previous order as follows:

(1) Since the commencement of this action there have been no further complaints of unreasonable detention by the defendants without warrant or formal charge brought to the court's attention.

(2) This indicates that the habeas corpus procedures presently in effect are adequate to insure protection of the constitutional rights of the proposed members of plaintiff's class and to prevent reoccurrence of the grievances alleged in the complaint.

(3) Plaintiff has not, therefore, demonstrated that he represents an ascertainable class; but, instead, asks this court to predict the future and to assume that alleged violations will occur when there exists no factual basis for such an assumption.

(4) The court has been made aware of the procedures set up by the Jefferson County Court, Criminal Division, to insure the availability of magistrates and/or warrant officers during the weekends. The court is further aware of the Jefferson County District Attorney's procedures of screening all requests for felony warrants prior to their issuance to insure protection of the arrested person's full constitutional rights.

(5) It is the court's opinion that the individual claim of the plaintiff, Fredrick McGill, is moot; and since this action cannot be maintained as a class action, the case should be dismissed.

vacating its previous order and dismissing the plaintiff's law suit, that this determination was based on the Trial Court's belief that the law suit was moot. This was an erroneous conclusion.

■ Reasons (1) through (3) of the order indicate that the Trial Court believed that dismissal was appropriate since no further complaints of unreasonable detention of prisoners had come to his attention since he had ordered the county to implement a system of timely probable cause hearings. But this *sua sponte* conclusion of the Trial Court was unwarranted because the March 28 order (see note 2, *supra*) did not require the plaintiff to continue to present additional evidence of subsequent infringements of prisoners' constitutional rights once the injunction was entered. Moreover, there was no opportunity to do so and no request was made by the Court for the presentment of additional evidence. Also there was not an ongoing obligation on the part of the plaintiff to show the continued existence of the class.

■ The Court went too far too fast. This is not a sufficient basis for the Trial Court's dismissal of the plaintiff's law suit without according them a hearing to determine whether the new procedures—whatever they may or may not be—met the *Gerstein* requirements. Apparently the Trial Judge was influenced by some new administrative practices initiated by the county (not city) authorities as a result of his initial order (note 2, *supra*). Just what the prac-

tice is, how official or how sufficient it might be is a complete unknown for there is not a stitch of actual facts about it in this record.

■ Finally, the Court erred in its fact-law conclusion (reason (5)) that the named plaintiff in the class action, Frederick McGill's claim was moot presumably because he had been released. Again we rely on *Gerstein* which held that this sort of claim was an exception to the general rule that when the class representative's claim is terminated the claim of the class is also moot. The Court made plain that since pretrial detention is by its nature temporary, it was unreasonable to require the named plaintiff's claim to survive until the time of trial or appeal. Since the pretrial detention which antedates a probable cause hearing will normally be terminated before the litigation process is begun the representative as well as the members of the class suffer repeated deprivations and therefore it would be unjust to deny review.[5]

Thus we are at a loss to find any additional record support for the Trial Court's *sua sponte* conclusion that the class action should be dismissed and the Plaintiff had somehow become an improper representative in the time period between the Court's March 28 and June 6 orders.[6]

■ Likewise, we have held that the disposition of the representative's Title VII claim after the institution of the class action does not moot the class suit. *Jenkins*

---

**5.** The Supreme Court addressed the mootness question in *Gerstein* as follows:

> At oral argument counsel informed us that the named respondents have been convicted. Their pretrial detention therefore has ended. This case belongs, however, to that narrow class of cases in which the termination of a class representative's claim does not moot the claims of the unnamed members of the class. See *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975). Pretrial detention is by nature temporary, and it is most unlikely that any given individual could have his constitutional claim decided on appeal before he is either released or convicted. The individual could nonetheless suffer re-

> peated deprivations, and it is certain that other persons similarly situated will be detained under the allegedly unconstitutional procedures. The claim, in short, is one that is distinctly 'capable of repetition, yet evading review.' 420 U.S. at 110 n. 11, 95 S.Ct. at 559, 42 L.Ed.2d at 542.

**6.** In the Title VII setting this Court has refused to sanction the dismissal of a class action on the basis of a determination that the class representative was not entitled to relief on the merits of his individual claim. *Huff v. N. D. Cass Company of Alabama,* 5 Cir., 1973, 485 F.2d 710 (en banc), original panel decision reported at 468 F.2d 172.

*v. United Gas Corporation,* 5 Cir., 1968, 400 F.2d 28, 29–30. Here, as in *Jenkins,* we hold that the appropriateness of the class action should be judged at the time the suit is instituted, for as in *Goode v. Rizzo,* 3 Cir., 1974, 506 F.2d 542, 547 *reversed on other grounds,* 423 U.S. 362, 373, 96 S.Ct. 598, 605, 46 L.Ed.2d 561, 565 [44 L.W. 4095, 4098 n. 7] the constitutional violations are likely to recur and in any event the named Plaintiff has suffered a wrong arising from his pre-hearing confinement and this claim is not extinguished by his release. *See* note 5, *supra.*

Similar mootness issues have arisen in other contexts. For instance, in *Dunn v. Blumstein,* 1972, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 the plaintiff challenged the Tennessee durational residency requirements for voting under the Equal Protection Clause. The Court found no mootness problem even though the plaintiff had become eligible to vote by the time the District Court reached his challenge to the durational residency requirements. Similarly, in *Roe v. Wade,* 1973, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 the Supreme Court allowed a woman to challenge a state anti-abortion law although this challenge occurred after her own pregnancy had been terminated.

REVERSED AND REMANDED.