**Valerie Marie NAPIER,
Petitioner-Appellant,**

v.

**Sister Mary GERTRUDE, Administrator,
Vianney Residence (and School) for
Girls, Tulsa, and State of Oklahoma, Re-
spondents-Appellees.**

No. 75–1799.

United States Court of Appeals,
Tenth Circuit.

Oct. 12, 1976.

Rehearing Denied Nov. 18, 1976.

Certiorari Denied Jan. 10, 1977.
See 97 S.Ct. 759.

Art Fleak, Jr., Tulsa, Okl., for petitioner-appellant.

Ross N. Lillard, III, Oklahoma City, Okl. (Larry Derryberry, Atty. Gen., Okl., and Paul Crowe, Asst. Atty. Gen., Oklahoma City, Okl., on the brief), for respondents-appellees.

Before HILL, SETH and McWILLIAMS, Circuit Judges.

HILL, Circuit Judge.

Appellant, Valerie Marie Napier, brought this habeas corpus action under 28 U.S.C. § 2254 alleging she was being unlawfully held in custody by the State of Oklahoma. Appellant had been adjudicated a "child in need of supervision" by an Oklahoma juvenile court and committed to the custody of the Vianney Residence for Girls for an indefinite period. She contended the statute under which she was in custody, 10 O.S.A. § 1101(c), is unconstitutionally vague.[1] Class action relief was sought for those similarly situated. On September 30, 1975, the district court issued an opinion upholding the constitutionality of the statute and denying the writ of habeas corpus. Because relief was denied on the merits, the court stated it was unnecessary to consider class certification. Appeal to this court followed.

■ At oral argument and in a supplemental brief, appellees have suggested this case is now moot. A copy of an Oklahoma court order shows that appellant was released from further custody and supervision on January 30, 1976. In the present posture of the case, we cannot rule on the merits. We must either dismiss the action as moot or remand for consideration of class certification. For the reasons stated below, we hold this action has become moot.

A review of Supreme Court decisions on the subject of mootness will help define the issue. There are two circumstances in which an action will not be held moot even though the named plaintiff no longer has a stake in the outcome. The first occurs when the case presents an issue "capable of repetition, yet evading review." *E. g.*, *Moore v. Ogilvie*, 394 U.S. 814, 89 S.Ct. 1493, 23 L.Ed.2d 1 (1969); *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911). This doctrine has been applied when:

(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again.

*Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350, 352 (1975), discussing *Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975). The second circumstance occurs when the suit has been duly certified as a class action. Upon certification, the class of unnamed persons acquires a legal status separate from the named plaintiff, and its existence satisfies the "cases or controversies" requirement of Article III of the Constitution. *Franks v. Bowman Transportation Co.*, 424 U.S. 747, 753, 96 S.Ct. 1251, 1259, 47 L.Ed.2d 444, 455 (1976). In this situation, whether the issue is "capable of repetition, yet evading review" becomes a discretionary factor in determining whether the court should reach the merits. *Franks v. Bowman Transportation Co., supra*.

The present case is not one "capable of repetition, yet evading review" under the cases following *Southern Pacific Terminal Co.* because there is no demonstrated probability the statute in question will be enforced against appellant again. *Weinstein v. Bradford, supra*. Neither is it a certified class action as in *Sosna v. Iowa, supra*. Therefore, the case is moot unless: (1) the failure to certify the class is attributable to

---

1. The Oklahoma Statutes provide for commitment of a "child in need of supervision" to a state or private institution. Other dispositions also are permissible. 10 O.S.A. § 1116 (Supp. 1975–76). Appellant contends the definition of the offense in 10 O.S.A. § 1101(c) is unconstitutionally vague. It provides:

The term "child in need of supervision" means a child who is habitually truant from school, or who is beyond the control of his parents, guardian or other custodian, or who habitually deports himself so as to injure or endanger the health or morals of himself or others.

Appellant argues the statute does not give fair notice of conduct proscribed, lacks adequate guidelines for its enforcement, and has a chilling effect on constitutionally protected conduct. Appellant has unsuccessfully argued her cause to the Oklahoma Supreme Court. *In re Napier*, 532 P.2d 423 (Okl.1975).

trial court error, and (2) the error is correctable at this stage of the litigation.

■■ Appellant anticipated the possibility of mootness and relied on *Sosna* to demonstrate the need for class treatment[2] in order to assure the availability of appellate review. Nevertheless, the district court held: "Petitioner's second allegation that this action should be a class action is moot. The request for a class action becomes moot when the merits are determined against the appellant. *Burke v. United States*, 480 F.2d 279 (9th Cir. 1973) cert. denied 414 U.S. 913, 94 S.Ct. 258, 38 L.Ed.2d 152." The *Burke* opinion does contain such a statement, but we do not believe it applies here. Nothing in Rule 23 of the Federal Rules of Civil Procedure indicates the merits of the case should be determinative of whether the class should be certified. The directive of Rule 23(c)(1) that the determination of class action status be made "as soon as practicable after the commencement of an action" indicates the contrary. Class determination does not become "moot" when the merits are determined against the named plaintiff. As exemplified by *Sosna*, class members maintain a vital interest in the outcome of any possible appeal. Also, a judgment in a class action is not intended for use only to benefit class members when the representative prevails but is meant to preclude them from further litigating the issue when it is decided against them. *See Albertson's Inc. v. Amalgamated Sugar Co.*, 503 F.2d 459 (10th Cir. 1974). We do not believe an adverse decision on the merits of the plaintiff's claim is in itself a proper basis for refusing to consider whether this action may be maintained as a class action. *See McGill v. Parsons*, 532 F.2d 484 (5th Cir. 1976). *See also Rich v. Martin Marietta Corp.*, 522 F.2d 333 (10th Cir. 1975).

Whether the district court's error in refusing to consider certification of the class may be corrected now is a more difficult question. There are statements in *Sosna*

indicating it may not: "There must not only be a named plaintiff who has such a case or controversy at the time the complaint is filed, and at the time the class action is certified . . ., but there must be a live controversy *at the time this Court reviews the case.*" 419 U.S. at 402, 95 S.Ct. at 559 (emphasis added). "A litigant must be a member of the class which he or she seeks to represent *at the time the class action is certified by the District Court.*" 419 U.S. at 403, 95 S.Ct. at 559 (emphasis added). In the absence of certification, even though the absence results from district court error, technically there is no live controversy on appeal. On remand the representative plaintiff cannot meet the requirement that he or she be a member of the class at the time of certification.

In *Board of School Commissioners v. Jacobs*, 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975), the Supreme Court confronted a case which had become moot as to the named plaintiffs. The district court had treated the suit as a class action but had failed to comply with the certification requirements of Rule 23(c). The Supreme Court held the action moot without considering a remand to allow proper certification. The Court did not rule, however, that mootness removed its power to remand, and it does not appear that the failure to certify the class action was assigned as error as it is here.

A recent Fifth Circuit decision expressed no hesitation in remanding a case in which the district court had dismissed a previously certified class action when it became moot as to the named plaintiff. *McGill v. Parsons, supra.* Although the case stood before the Court of Appeals without class action status and without a class representative retaining a personal adverse interest, the court's reliance on previous certification diminishes its value as precedent in our case.

---

**2.** It has been decided in other circuits that Rule 23 class actions are technically inapplicable to habeas corpus proceedings. The court may, however, apply an analogous procedure by reference to Rule 23 in proper circumstances. *Bi-*

*jeol v. Banson*, 513 F.2d 965 (7th Cir. 1975); *United States ex rel. Sero v. Preiser*, 506 F.2d 1115 (2d Cir. 1974), *cert. den'd*, 421 U.S. 921, 95 S.Ct. 1587, 43 L.Ed.2d 789. We follow this course in the present case.

We believe the correct rule for the present case is suggested by footnote 11 in *Sosna v. Iowa*. The Supreme Court stated:

There may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the District Court can reasonably be expected to rule on a certification motion. In such instances, whether the certification can be said to "relate back" to the filing of the complaint may depend upon the circumstances of the particular case and *especially the reality of the claim that otherwise the issue would evade review.* [Emphasis added.]

This statement recognizes the power of the court to grant late certification in an otherwise moot case and thus prevent mootness but limits it to particular circumstances.

■■■ As the Supreme Court noted in *Franks v. Bowman Transportation Co., supra*, whether the issue is "capable of repetition, yet evading review" is a discretionary factor in reviewing cases where the class has been certified but the action has become moot as to the named plaintiff. We think it is essential when the class has not been certified and a remand is necessary to avoid mootness as to the class as well as the representative. The concept of mootness is an aspect of the "cases and controversies" limitation of Article III of the Constitution which insures that courts will act only on cases presented in an adversary context capable of judicial resolution and that courts will not intrude into areas committed to other branches of government. *Franks v. Bowman Transportation Co., supra; Flast v. Cohen,* 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). The requirement that the issue be one "otherwise evading review" prevents a court from ordering class certification to permit review merely because it desires to address the issue. It also permits judicial resolution of issues that truly would evade review.

■■ On the basis of the information before us, we will not assume this issue will continue to evade review. Appellant cites statistics compiled by the State of Oklahoma showing the average length of deten-

tion for children adjudicated "in need of supervision" is 4.5 months. However, the potential length of detention under 10 O.S.A. § 1101(c) is indefinite. Some members of the class appellant seeks to represent may be in state custody for several years and could maintain a personal adverse interest throughout the course of litigation. Appellant was subject to the strictures of the statute for nearly two years. She obtained a review of the statute's constitutionality by the Oklahoma Supreme Court and could have sought review at that point by the United States Supreme Court. *See* 28 U.S.C. § 1257. Instead she sought and obtained review by a federal district court via a § 2254 petition for a writ of habeas corpus. Only by the time case reached this court had appellant incurred mootness.

We do not believe this issue evades review in the manner contemplated by the Supreme Court decisions on the subject. This is not a case like *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), where the allegedly unconstitutional pretrial incarceration was "by nature temporary." Nor does the time for litigation pass inexorably as with the durational residency requirement in *Sosna v. Iowa, supra*. The case is more like the indefinite driver's license suspension at issue in *Valentino v. Howlett*, 528 F.2d 975 (7th Cir. 1976). There the court found the matter would not evade review in the future and refused to remand for class certification. The action was held moot.

We hold the present action does not lend itself to remand at this point for certification of the class. In the absence of class action status, the action is moot, and we remand with directions to dismiss the petition. *Board of School Commissioners v. Jacobs, supra.*