565 F.2d 1096
 Bernard C. VUN CANNON, Individually and on behalf of all
others similarly situated, Plaintiff-Appellant,
v.
Allen F. BREED, James Stratten, C. R. Byrne, Roger C.
Chandler, Julio Gonzales, William L. Richey, Mrs. Paula A.
Tennant, and Ralph Wright, Individually and in their
official capacities as members of the Youth Authority Board,
State of California, R. N. Procunier, Individually and in
his official capacity as Director of Corrections for the
State of California, L. N. Patterson, Individually and in
his official capacity as Superintendent of Deuel Vocational
Institution, Sergeant L. A. Nelson, Correctional Officer, R.
Ezell, and Correctional Officer D. E. Burnett, Individually
and in their official capacities as officers and employees
of the Department of Corrections and/or Deuel Vocational
Institution, their agents, employees, and successors in
interest, Defendants-Appellees.
 No. 72-1716.
 United States Court of Appeals,
Ninth Circuit.
 Dec. 6, 1977.
 
 Armando M. Menocal, III, B. E. Bergesen, III, San Francisco, Cal., for plaintiff-appellant.
 Gloria F. DeHart, San Francisco, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before KOELSCH and HUFSTEDLER, Circuit Judges, and McGOVERN,* District Judge.
 ON PETITION FOR REHEARING
 KOELSCH, Circuit Judge:
 
 
 1
 Appellees' Petition for Rehearing presents nothing new; if we limited our consideration to the contentions they there made, our order would consist simply of a denial.[1] However, because of our own further research, we have now concluded that plaintiff-appellant lacks standing to maintain the action and to prosecute this appeal. Hence we are obliged to withdraw our prior opinion.
 
 
 2
 We will not reiterate in detail what was said in that opinion concerning the nature of this action and the procedural aspects of the suit in the court below; our disposition renders that unnecessary. Instead, we will briefly mention such of those matters as we now believe are material.
 
 
 3
 The fourth claim in appellant's 42 U.S.C. § 1983 civil rights complaint challenged provisions of California Penal Code § 2037 authorizing the Director of the California Youth Authority (YA) to transfer administratively Youth Authority wards to Deuel Vocational Institute (DVI). The complaint sought declaratory and injunctive relief against the operation of the statute, set forth class action allegations with respect to the § 2037 claim and requested that a three-judge district court be empanelled.
 
 
 4
 The district judge, concluding that the fourth claim failed to present a substantial federal question, dismissed it without convening a three-judge court. In addition, he ruled that because appellant had been administratively transferred from DVI before the complaint was filed, appellant "lack(ed) standing to adequately represent the class."
 
 
 5
 On appellant's interlocutory appeal, taken under 28 U.S.C. § 1292(a)(1), we concluded that when suit was commenced, appellant's status as a ward of the Youth Authority and his consequent subjection to the possibility of retransfer to DVI in the unfettered discretion of the Youth Authority posed a threat of injury sufficiently real and immediate to provide him with a personal stake in the transfer procedure and conditions at DVI, thus satisfying the case or controversy requirement of Article III.
 
 
 6
 We noted, however, that at the time of appeal, appellant was no longer in the custody of the Youth Authority. And, although the district court's finding that appellant "lacked standing" to adequately represent the class of YA wards subject to administrative transfer to DVI was not assigned as error on the appeal, we observed that the suit was brought as a class action and that the mooting out of appellant's individual claim did not bar him from continuing to litigate that claim as a representative of the class. Intervening decisions of the Supreme Court, however, indicate that we were in error with respect to the latter point. We are, of course, governed by those decisions.
 
 
 7
 As indicated, the threshold question is whether we have jurisdiction to review the district court's dismissal of an alleged class action where the individual claim of the class representative has become moot and in the absence of a proper certification of the purported class by the district court under Rule 23(c)(1), F.R.Civ.P. We conclude that the answer is "no."
 
 
 8
 In Sosna v. Iowa, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975), the Court held: "There must not only be a named plaintiff who has . . . a case or controversy at the time the complaint is filed, and at the time the class action is certified by the District Court pursuant to Rule 23, 11 but there must be a live controversy at the time this Court reviews the case. . . . The controversy may exist, however, between a named defendant and a member of the class represented by the named plaintiff, even though the claim of the named plaintiff has become moot." 419 U.S. at 402, 95 S.Ct. at 559. Considerable doubt, however, was cast on the inflexibility of the Sosna holding by footnote 11[2] and the Court's immediate application of that footnote's principle to sustain a continuation of suit in Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975).[3]
 
 
 9
 However, in Indianapolis School Commissioners v. Jacobs, 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975), decided shortly after Sosna and on the same day as Gerstein, the Court did not hesitate to hold the question moot even though the district court had indicated on the record that the named plaintiffs were proper representatives of the class because by the time the case reached the Court, the named plaintiffs had graduated from high school, and because the district court had not properly certified the class under Rule 23(c)(1), nor identified it under Rule 23(c)(3).
 
 
 10
 And a formidable array of post-Sosna-Jacobs decisions noted in the margin, together with quotations from their texts makes manifest the conclusion that an improperly or non-certified class cannot succeed to the adversary position formerly occupied by a no-longer-aggrieved representative plaintiff whose own claim has become moot. Franks v. Bowman Transportation Co., 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976); Baxter v. Palmigiano, 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976); Pasadena City Board of Education v. Spangler, 427 U.S. 424, 96 S.Ct. 2697, 49 L.Ed.2d 599 (1976); Kremens v. Bartley, 431 U.S. 119, 97 S.Ct. 1709, 52 L.Ed.2d 184 (1977); East Texas Motor Freight v. Rodriguez, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977).[4]
 
 
 11
 It is equally apparent that the rule is of constitutional rather than discretionary dimension: in the absence of a properly certified class, the representative plaintiff whose claim has become moot is himself without a litigable grievance, and the person or persons on whose behalf he seeks to continue the litigation has or have not yet achieved jurisprudential existence. See Sosna v. Iowa, supra, 419 U.S. at 399, 95 S.Ct. 553. There being no adversary necessary for the creation of the constitutionally required case or controversy, jurisdiction is lacking.
 
 
 12
 While this may smack to some of metaphysics, recent decisions of the Court, as we parse them, require us to adopt such logic or at least compel us to reach such a result. Decisions of this and other courts of appeals accord with our views. Kuahulu v. Employers Ins. of Wausau, 557 F.2d 1334 (9th Cir. 1977); Inmates v. Sheriff Owens, 561 F.2d 560 (4th Cir. 1977); Winokur v. Bell Federal Sav. & Loan Ass'n, 560 F.2d 271 (7th Cir. 1977); Lasky v. Quinlan, 558 F.2d 1133 (2d Cir. 1977); Boyd v. Justices of Sp. Term, 546 F.2d 526 (2d Cir. 1976); Napier v. Gertrude, 542 F.2d 825 (10th Cir. 1976), cert. denied, 429 U.S. 1049, 97 S.Ct. 759, 50 L.Ed.2d 765 (1977). Cf. Walker v. Hughes, 558 F.2d 1247 (6th Cir. 1977); but cf. Satterwhite v. City of Greenville, Texas, 557 F.2d 414 (5th Cir. 1977).[5]
 
 
 13
 These authorities, with the single possible exception of the Fifth Circuit, support the conclusion that we lack jurisdiction unless there are present unusual facts bringing the matter within the narrow exception countenanced by footnote 11 of Sosna and Gerstein v. Pugh. We perceive none.
 
 
 14
 Gerstein held that it was immaterial for jurisdictional purposes whether or not the district court had certified the purported class before the claim of the representative plaintiff had been mooted where the claim in issue was "distinctly 'capable of repetition, yet evading review.' " 420 U.S. at 110 n. 11, 95 S.Ct. at 861. The Court's subsequent decision in Franks v. Bowman Transportation Co., supra, contains the clear holding that in a mootness-class action context the exception embodied in the phrase "capable of repetition, yet evading review," has two distinct applications: (A) In the first, where the purported class has been properly certified by the district court prior to the time the named plaintiff has lost his representative capacity, jurisdiction in the Article III sense is present. In such cases, a court might apply the "capable of repetition, yet evading review" doctrine in its discretion to avoid review on the basis of non-constitutional policy considerations: "Thus, the 'capable of repetition, yet evading review' dimension of Sosna must be understood in the context of mootness as one of the policy rules often invoked by the Court 'to avoid passing prematurely on constitutional questions. Because (such) rules operate in "cases confessedly within (the Court's) jurisdiction" . . . they find their source in policy, rather than purely constitutional, considerations.' Flast v. Cohen, 392 U.S. 83, 97 (, 88 S.Ct. 1942, 20 L.Ed.2d 947) . . . ." 424 U.S. at 756 n. 8, (96 S.Ct. at 1260.) (Citations omitted; bracketed material in original.)
 
 
 15
 ( B) The second application occurs where, although the class is uncertified prior to the time the representative plaintiff's own claim is mooted, the matter in suit is "capable of repetition, yet evading review." In this latter situation, the Gerstein exception will be applied to sustain jurisdiction in the Article III sense only where the challenged action is inherently of such short duration that it cannot be fully litigated prior to its cessation and there is a reasonable prospect that the same complaining party will be subjected to the same action again. Weinstein v. Bradford,423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975).[6]
 
 
 16
 There being no cognizable class here, the Gerstein exception applies to sustain jurisdiction only if the action challenged by appellant, i. e., the possibility of an ex parte administrative transfer to DVI of appellant as a Youth Authority ward, is of such an inherently short cycle that its legality cannot be fully litigated prior to the termination of YA jurisdiction over appellant and there exists a reasonable expectation that appellant will be subjected again to administrative transfer to DVI.
 
 
 17
 We need not consider whether the first criterion is met since we conclude that on the record before us there does not exist a reasonable expectation that appellant (the only complaining party in this case) will be again subjected to the same action.
 
 
 18
 The record reveals that at the time the district court entered its order dismissing the fourth claim and finding that appellant lacked standing to adequately represent the class (a finding we construe as a de facto or implicit refusal to certify the class), appellant had been paroled by the YA, had pled guilty to another state charge, and was awaiting sentencing. On the day following entry of the district court's order, appellant was discharged from YA custody following his sentencing to the Department of Correction's custody. Thus, while appellant was still technically in YA custody when the district court ruled, the possibility of retransfer to DVI was speculative. In light of the Court's decision in Preiser v. Newkirk, 422 U.S. 395, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975), appellant did not face a "real threat of injury" from being administratively transferred to DVI as a YA ward at the time that the district court ruled; his individual claim was therefore moot. From that point onward, jurisdiction in the Article III sense was lacking.[7]
 
 
 19
 Our prior opinion is withdrawn; the appeal is dismissed as moot, and the matter is remanded to the district court with instructions to vacate its prior order of partial dismissal and to dismiss the fourth cause of action.[8]
 
 
 20
 APPEAL DISMISSED.
 
 
 
 *
 The Honorable Walter T. McGovern, United States District Judge for the Western District of Washington, sitting by designation
 
 
 [1]
 Our earlier opinion is not reported
 
 
 [2]
 "11. There may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on a certification motion. In such instances, whether the certification can be said to 'relate back' to the filing of the complaint may depend upon the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review." Sosna v. Iowa, 419 U.S. 393, 402, 95 S.Ct. 553, 559, 42 L.Ed.2d 532 (1975)
 
 
 [3]
 Judge Friendly, writing for the Second Circuit in Frost v. Weinberger, 515 F.2d 57 (2d Cir. 1975), cert. denied, 424 U.S. 958, 96 S.Ct. 1435, 47 L.Ed.2d 364 (1976), put the state of the law well when he observed that "the apparent force of what was said (in Sosna ) in text is largely drained by footnote 11 . . . ." 515 F.2d at 64
 
 
 [4]
 These pertinent statements appear in the cited cases:
 Franks v. Bowman Transportation Co., 424 U.S. 747 (96 S.Ct. 1251, 47 L.Ed.2d 444) (1976): "In . . . Jacobs, the named plaintiffs no longer possessed a personal stake in the outcome at the time the case reached this Court for review. As the action had not been properly certified as a class action by the District Court, we held it moot. . . ." 424 U.S. at 754 n. 6 (96 S.Ct. at 1259.)
 Baxter v. Palmigiano, 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976): "The District Court treated the suit as a class action . . . but did not certify the action as a class action within the contemplation of Fed.Rules Civ.Pro. 23(c)(1) and 23(c)(3). Without such certification and identification of the class, the action is not properly a class action." 425 U.S. at 310 n. 1, 96 S.Ct. at 1554. (Maj.Op.) ". . . (T)he propriety of the certification need not be addressed, since there is a plaintiff with a personal interest in the outcome." 425 U.S. at 325 n. 1, 96 S.Ct. at 1561 (Brennan, J., concurring in part and dissenting in part).
 Pasadena City Board of Education v. Spangler, 427 U.S. 424, 96 S.Ct. 2697, 49 L.Ed.2d 599 (1976): "Counsel for the individual named respondents . . . argue that this litigation was filed as a class action, that all the parties have until now treated it as a class action, and that the failure to obtain the class certification required under Rule 23 is merely the absence of a meaningless 'verbal recital' . . . . But these arguments overlook the fact that the named parties . . . in this litigation no longer have any stake in its outcome. As to them the case is clearly moot. And while counsel may wish to represent a class of unnamed individuals still attending the Pasadena public schools who do have some substantial interest in the outcome of this litigation, there has been no certification of any such class which is or was represented by a named party to this litigation. Except for the intervention of the United States, we think this case would clearly be moot." 427 U.S. at 430, 96 S.Ct. at 2702.
 Kremens v. Bartley, 431 U.S. 119, 97 S.Ct. 1709, 52 L.Ed.2d 184 (1977): "(I)t is only a 'properly certified' class that may succeed to the adversary position of a named representative whose claim becomes moot." 431 U.S. at 132, 97 S.Ct. at 1717.
 East Texas Motor Freight v. Rodriguez, 431 U.S. 395, 97 S.Ct. at 1891, 52 L.Ed.2d 453 (1977): "Obviously, a different case would be presented if the District Court had certified a class and only later had it appeared that the named plaintiffs were not class members or were otherwise inappropriate class representatives. In such a case, the class claims would have already been tried, and, provided the initial certification was proper and decertification not appropriate, the claims of the class members would not need to be mooted or destroyed because subsequent events or the proof at trial had undermined the named plaintiffs' individual claims." 431 U.S. at 406, 97 S.Ct. at 1898, n. 12.
 
 
 [5]
 The language of the several Courts of Appeals in the cited cases is this:
 Kuahulu v. Employers Ins. of Wausau, 557 F.2d 1334 (9th Cir. 1977): "Since the district court never certified the class, appellant (whose claim was moot) cannot remain in the suit in either his individual or representative capacity." 557 F.2d at 1336.
 Inmates v. Sheriff Owens, 561 F.2d 560 (4th Cir. 1977): "The suit below was not filed, nor was it ever certified, as a class action. . . . (A)ll the inmates who sought declaratory and injunctive relief relating to the . . . conditions of confinement complained of were no longer subjected to the alleged treatment once they were released. Accordingly, we hold that their claims for injunctive relief are moot." 561 F.2d 560 at 562.
 Winokur v. Bell Federal Sav. & Loan Ass'n, 560 F.2d 271 (7th Cir. 1977): "Our reading of recent decisions of the Supreme Court . . . leads (us) to the conclusion that since plaintiffs' individual claims are now moot, and plaintiffs have not been authorized to represent other class members, the action lacks a live controversy. There being no live controversy, the appellate court cannot exercise jurisdiction, even to reverse the class action determination and thus instill a live controversy into the action." 560 F.2d at 276.
 Lasky v. Quinlan, 558 F.2d 1133 (2d Cir. 1977): "All . . . of the named plaintiffs were no longer in custody . . . at the time the . . . proceeding was commenced. Since the District Court denied class certification in its order . . . there is no longer any party to this action having an interest in the enforcement of the consent decree. Thus, the case is moot and this Court is without jurisdiction." 558 F.2d at 1136.
 Boyd v. Justices of Sp. Term, 546 F.2d 526 (2d Cir. 1976): "Since the plaintiffs now have the relief which they sought in their federal action . . . we have no jurisdiction. . . . No class action was certified below. Therefore appellants are not within any relaxation of the mootness doctrine provided by Sosna v. Iowa . . . . 546 F.2d at 527.
 Napier v. Gertrude, 542 F.2d 825 (10th Cir. 1976): "In the absence of certification, even though the absence results from district court error, technically there is no live controversy on appeal. On remand the representative plaintiff (whose claim has been mooted) cannot meet the requirement that he . . . be a member of the class at the time of certification." 542 F.2d at 827.
 Walker v. Hughes, 558 F.2d 1247 (6th Cir. 1977): "Even if all the named class representatives had been released from prison . . . the case is not moot because the class was certified." 558 F.2d at 1249 n. 2.
 
 
 [6]
 We reconcile the apparent conflict between the Court's holding in Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), that even if, arguendo, the class is uncertified by the district court prior to the time the claim of the representative plaintiff becomes moot, jurisdiction is not thereby defeated where the issue is "distinctly 'capable of repetition, yet evading review,' " 420 U.S. at 110 n. 11, 95 S.Ct. at 861, and its subsequent order in Weinstein v. Bradford, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975), vacating the court of appeals' judgment as moot on the sole ground that the named plaintiff no longer had a personal stake in the outcome of the litigation by noting that in Gerstein the class was ultimately certified by the district court, while in Weinstein the district court refused certification
 It would thus appear that the doctrinal fiction of "relation back" of the certification to the time the complaint was filed noted in footnote 11 of Sosna has no application where the district court declines to certify the class notwithstanding the possibility that the issues in litigation are "capable of repetition, yet evading review."
 
 
 [7]
 On the record before us, we have no occasion to consider what effect, if any, action by the district court frustrating an attempt by the representative plaintiff to obtain class certification prior to the time his claim is mooted might have on the jurisdictional issue. Cf. Allen v. Likins, 517 F.2d 532 (8th Cir. 1975); Frost v. Weinberger, supra, 515 F.2d at 64. Despite the fact that over fourteen months elapsed between the time the complaint was filed and the time the district court entered its order of partial dismissal, the record indicates that at no time did appellant move the district court for an order of certification. Cf. Kuahulu v. Employers Ins. of Wausau, supra, 557 F.2d at 1337 and n. 2
 
 
 [8]
 Our order of remand is intended to "erase any precedential or preclusionary effect" of the district court's order granting partial dismissal so as to insure that "(a)ny member of the class may still commence a suit . . . and raise the exact constitutional question posed by appellant in the present suit." Kuahulu v. Employers Ins. of Wausau, supra, 557 F.2d at 1337-38