Timothy WADE, Plaintiff–Appellant,

v.

Richard KIRKLAND; Washoe County; Does 1–10, inclusive, Defendants– Appellees.

No. 96–17119.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 1997.

Decided July 2, 1997.

Terri Keyser–Cooper, Santa Cruz, CA, for Plaintiff–Appellant.

Gregory R. Shannon, Deputy District Attorney, Reno, NV, for Defendants–Appellees.

Before: HUG Chief Judge, and CHOY and HAWKINS, Circuit Judges.

MICHAEL DALY HAWKINS, Circuit Judge:

We are called upon to determine the propriety of postponing a decision on a timely

class action certification motion where the putative class appears to be so transitory that a failure to rule may mean that a class will never be assembled.

Timothy Wade ("Wade") filed a class action complaint challenging the working conditions of "chain gang" labor at the Washoe County (Nevada) Jail, a facility housing pretrial detainees and misdemeanants. Wade was transferred from the jail, however, while his motion for class certification was pending, and the district court dismissed the action as moot. We reverse and remand for a ruling on the outstanding class certification motion, including a determination whether Wade may remain as the class representative despite the mootness of his . individual claim or whether putative class members with live claims should be allowed to intervene.

### Facts and Procedural Background

Wade's class action complaint, challenging the working conditions of "chain gang" labor at the county jail where he was then housed, sought injunctive relief only. Wade moved, simultaneously with the filing of his complaint, for class certification and sought to be named class representative. The defendants responded by moving to dismiss or, in the alternative, for summary judgment.

Without mentioning any of the class certification requirements of Fed.R.Civ.P. 23, the district court issued an order stating that Wade's "motion for class certification [ ] is denied, without prejudice to renewal, as premature should the case survive the motion to dismiss or in the alternative motion for summary judgment [ ]." Shortly thereafter, Wade's counsel informed the court that Wade had been transferred from the Washoe County Jail to the Northern Nevada Correctional Center. The district court thereupon granted summary judgment to defendants on the basis that Wade's transfer mooted his claims.

Conceding his individual case may be moot, Wade argues that the district court erred in denying his class certification motion as premature. Wade also contends the district court erred in dismissing the entire action as moot even though his claims, as the purported class representative, had expired. We agree.

### Standard of Review

■■■ Mootness is a question of law reviewed de novo. *Native Village of Noatak v. Blatchford,* 38 F.3d 1505, 1509 (9th Cir.1994). A decision to grant or deny class certification is reviewed for abuse of discretion. *Barber v. Hawaii,* 42 F.3d 1185, 1197 (9th Cir.1994).

### Discussion

We begin by noting that the district court never truly ruled on the class certification motion. Although the court "denied" the motion, the order contains no discussion of the class action criteria contained in Rule 23. The only ground given for the "denial" is that the motion was "premature." Regardless of the label attached to the order, the court was, in effect, postponing ruling on class certification in order to address a potentially dispositive motion. As such, we treat the motion for class certification as outstanding at the time Wade's individual claims became moot by virtue of his transfer from the county jail.

■■■ This characterization of the status of the certification motion, in turn, calls into question Wade's standing on appeal. Had Wade's claims become moot after a class had been certified, mootness would have had no effect on the action or on Wade's status as class representative. *Franks v. Bowman Transp. Co.,* 424 U.S. 747, 752–56, 96 S.Ct. 1251, 1258–60, 47 L.Ed.2d 444 (1976). Similarly, if his claims had become moot after a true denial of the class certification motion, Wade would have had standing to appeal the denial of certification. *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 404, 100 S.Ct. 1202, 1212–13, 63 L.Ed.2d 479 (1980).

■■ We hold that Wade has standing on appeal even though his class certification motion was never really decided. The Supreme Court in *Geraghty* recognized that even after mootness of a named plaintiff's own claim, a plaintiff may continue to have a " 'personal stake' in obtaining class certification." *Id.* at 404, 100 S.Ct. at 1212. The plaintiff in *Geraghty* sought to have a denial of certification

reversed; Wade seeks a ruling on an outstanding class certification motion; each "continues vigorously to advocate his right to have a class certified." *Id.*

■ As an appellate court, however, "[w]e cannot review [class certification] decisions before they are made." *Rosetti v. Shalala,* 12 F.3d 1216, 1232 (3d Cir.1993). We therefore remand for the district court to decide the outstanding certification motion, including whether Wade can continue as class representative or whether other putative class members should be allowed to intervene. *See id.; see also Kennerly v. United States,* 721 F.2d 1252, 1260 (9th Cir.1983) (named plaintiff's claim became moot while motion for certification was outstanding; panel remanded to district court to consider possible intervention by other class members).[1]

■ On remand, the district court should decide the class certification motion before proceeding further. We recognize that, in some cases, it may be appropriate in the interest of judicial economy to resolve a motion for summary judgment or motion to dismiss prior to ruling on class certification. *See Wright v. Schock,* 742 F.2d 541, 545–46 (9th Cir.1984). This is not one of those cases. Wade purported to represent short-term inmates in a county jail, presenting a classic example of a transitory claim that cries out for a ruling on certification as rapidly as possible. *Cf. Gerstein v. Pugh,* 420 U.S. 103, 110 n. 11, 95 S.Ct. 854, 861 n. 11, 43 L.Ed.2d 54 (1975) ("The length of pretrial custody cannot be ascertained at the outset. It is by no means certain that any given individual, named as plaintiff, would be in pretrial custody long enough for a district judge to certify the class."); *see also Geraghty,* 445 U.S. at 399, 100 S.Ct. at 1210 (recognizing that some claims are "so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires").

We note only that the claims have the *potential* for being "inherently transitory"; whether the class claims *are* in fact "inherently transitory" is ultimately a decision for the district court, and we do not in any way suggest what result that court should reach. Indeed, we could not, as the record at this point is devoid of any evidence of the average length of detention in the county jail. We write only to clarify that in making this determination, the district court must look at the claims of the class as a whole, as opposed to Wade's individual claims for relief.

■ If the district court finds the claims are indeed "inherently transitory," then the action qualifies for an exception to mootness *even if* there is no indication that Wade or other current class members may again be subject to the acts that gave rise to the claims. *See Geraghty,* 445 U.S. at 399, 100 S.Ct. at 1210. This is because there is a constantly changing putative class that will become subject to these allegedly unconstitutional conditions. *Gerstein,* 420 U.S. at 110 n. 11, 95 S.Ct. at 861 n. 11 ("[T]he constant existence of a class of persons suffering the deprivation is certain."). Moreover, if transitory, the court could validly certify a class on remand, even though the named plaintiff's claims are already moot, since the "relation back" doctrine will relate to Wade's standing at the outset of the case in order "to preserve the merits of the case for judicial resolution." *County of Riverside v. McLaughlin,* 500 U.S. 44, 52, 111 S.Ct. 1661, 1667, 114 L.Ed.2d 49 (1991).

On the other hand, if the district court finds that the class claims are not sufficiently transitory to qualify for this exception to the mootness doctrine, it should then consider whether putative class members with live claims should be allowed to intervene. *See Kennerly,* 721 F.2d at 1260.

Reversed and remanded for further proceedings.

---

1. *Kennerly* did not discuss the standing issue in any depth, but because the panel remanded to the district court instead of dismissing the action as moot, it implicitly recognized standing on appeal and continuing district court jurisdiction over the action despite the mootness of the named plaintiff's claim.