**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ALI KIA,
Plaintiff-Appellant,

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Defendant-Appellee.

No. 98-2399

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CA-98-170)

Submitted: March 16, 1999

Decided: March 30, 1999

Before WIDENER, MOTZ, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Karl H. Goodman, KARL H. GOODMAN, P.A., & ASSOCIATES,
Baltimore, Maryland, for Appellant. Frank W. Hunger, Assistant
Attorney General, Michael P. Lindemann, Assistant Director, Ethan
B. Kanter, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ali Kia appeals the district court's order dismissing his complaint for declaratory relief for lack of subject matter jurisdiction. We affirm.

This case involves Kia's efforts to obtain a determination of his application for naturalization. Under 8 U.S.C. § 1447(b) (1994), a naturalization applicant who has not received a determination on his application within 120 days of his examination for naturalization by the Immigration and Naturalization Service (INS) is authorized to file a request in the district court for a hearing. The district court "has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." 8 U.S.C. § 1447(b).

On October 17, 1997, the INS interviewed Kia regarding his application for naturalization. More than 120 days later, on March 27, 1998, Kia filed a complaint in the district court for declaratory judgment of his naturalization pursuant to § 1447(b). On April 15, 1998, while the complaint was pending in the district court, the INS denied Kia's naturalization application based upon his inability to satisfy the English literacy requirements. On July 6, 1998, the INS moved to dismiss the complaint as moot. The district court granted the motion and dismissed the complaint pursuant to Fed. R. Civ. P. 12(b)(1).

We review dismissals for lack of subject matter jurisdiction de novo. See Robb v. United States, 80 F.3d 884, 887 (4th Cir. 1996). Kia first contends that the INS' failure to make a decision on naturalization with 120 days along with the filing of his complaint in the district court pursuant to 8 U.S.C. § 1447(b) precluded the INS from rendering a decision on his application without a remand and order from the district court. We agree with the district court that the plain

2

language of § 1447 suggests the district court requires an unreviewed application in order to make a determination, and that the INS' denial of naturalization shortly after Kia filed suit mooted the case and deprived the court of jurisdiction. See Sze v. INS, 153 F.3d 1005 (9th Cir. 1998) (dismissing appeal of action brought under 8 U.S.C. § 1447(b) for lack of jurisdiction due to naturalization of plaintiffs while action was pending).

Kia next takes issue with the INS' denial of his application for naturalization, challenging the determination that he failed to meet the English literacy requirement. Because the disposition of Kia's naturalization application is not properly before the court, we decline to address this issue.

Finally, Kia maintains that the district court erred in assuming that upon dismissal of this action, he could appeal the denial of naturalization to the district court under 8 U.S.C. § 1421 (1994). Kia notes that the thirty-day time frame for the initial administrative appeal has expired and claims the INS intentionally moved to dismiss after expiration of the appeal period in order to prevent him from obtaining relief. We find these contentions meritless. An appeal of the denial of naturalization was indeed available to Kia, and he evidently chose not to contest that determination. See 8 U.S.C.§ 1447(a) (1994); 8 C.F.R. §§ 336.1-2, 336.9 (1998). Moreover, the record discloses that Kia was properly notified of the appeal period, and that he could reapply for naturalization at any time.

We accordingly affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3