**INTERNATIONAL FURNITURE MFG. CO., Plaintiff–Appellant,**

v.

**UNITED STATES DEPARTMENT OF LABOR, Defendant–Appellee.**

No. 02–55510.
D.C. No. CV–01–04770–MLR.

United States Court of Appeals, Ninth Circuit.

Submitted March 3, 2003.*

Decided March 5, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before LAY,** HAWKINS, and TALLMAN, Circuit Judges.

### MEMORANDUM***

International Furniture Manufacturing, Inc. ("IFM"), brought an action for judicial review under the Administrative Procedures Act, 5 U.S.C. § 701, et seq. ("APA"). In its complaint, IFM alleged that the United States Department of Labor ("DOL") violated the APA by not reaching a decision on IFM's alien labor certification application within a "reasonable time." IFM specifically sought a court order compelling the DOL to adjudicate its alien labor certification application. IFM also sought a court order compelling the DOL to establish a non-preferential system to promptly respond to written inquiries regarding alien certification applications and compelling the DOL to establish a non-preferential system for promptly notifying applicants with an accurate estimate of time for completion of an application.

IFM filed its complaint with the district court on May 29, 2001, and the parties each moved for summary judgment in

February 2002. The DOL adjudicated IFM's alien labor certification application on January 25, 2002. As such, the district court found IFM's complaint moot and granted DOL's motion for summary judgment. We agree with the district court that IFM's complaint is now moot. "Judicial review of administrative action requires an actual, live controversy to adjudicate." *See Alaska Fish & Wildlife Fed. & Outdoor Council, Inc. v. Dunkle,* 829 F.2d 933, 939 (9th Cir.1987) (quoting *Campesinos Unidos, Inc. v. United States Dep't of Labor,* 803 F.2d 1063, 1067 (9th Cir.1986)). Consequently, with no case or controversy remaining before the court, we have no jurisdiction to review this appeal.

A federal court must dismiss an action for mootness if the relief the plaintiff requests has already been obtained. *See Sze v. INS,* 153 F.3d 1005, 1010 (9th Cir.1998). IFM argues that its case is "capable of repetition yet evading review" and thus fits an exception to the mootness doctrine. *See Murphy v. Hunt,* 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982). It argues that the DOL can continually avoid judicial review of similar actions by adjudicating an application after a judicial complaint has been filed and then claiming mootness as a defense to the complaint. While this may be true, this is not the type of situation the "capable of repetition yet evading review" exception to the mootness doctrine addresses. This exception is only to be used in the most exceptional of circumstances where the timing of a controversy is automatically such that proper judicial review cannot be made (e.g., pregnancy/abortion cases and labor disputes). *See GTE California, Inc. v. FCC,* 39 F.3d 940, 945 (9th Cir.1994). This case is not

---

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

one of those rare circumstances envisioned by this exception.

Essentially, IFM is asking this court to prevent *future* "illegal" action by the DOL. There is no active controversy involved. A request for review to prevent future illegal activity asks this court to review a case that is not ripe and may not ever occur. We do not have the power under Article III of our Constitution to extend such review. As such, we find that this case is not justiciable and we affirm the judgment of the district court.

AFFIRMED.