**Anthony VINCENT, Plaintiff–Appellant,**

v.

**FLAMINGO–LAUGHLIN, INC., Defendant,**

**Shirley Parraguirre, Defendant–Appellee.**

No. 04–15006.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted Oct. 17, 2005.

Decided Nov. 14, 2005.

Robert A. Nersesian, Esq., Thea Marie Sankiewicz, Esq., Nersesian & Sankiewicz, Las Vegas, NV, for Plaintiff–Appellant.

David J.J. Roger, Esq., Michael L. Foley, Esq., Janson F. Stewart, Esq., Paul D. Johnson, Esq., Clark County District Attorney's Office, Las Vegas, NV, for Defendant–Appellee.

Before: REINHARDT and THOMAS, Circuit Judges, and RESTANI,* Chief Judge, United States Court of International Trade.

## MEMORANDUM **

Anthony Vincent ("Vincent") appeals dismissal of his claims for declaratory and injunctive relief in the United States District Court for the District of Nevada, challenging the constitutionality of Nev. Rev.Stat. § 18.130 (2003), which provides that a defendant may demand a $500 cost bond from a non-resident plaintiff. While on appeal, Vincent's state-court action against Defendant Flamingo–Laughlin was resolved and his cost bond was returned.

The return of Vincent's cost bond renders moot his claims for federal relief. Because his claim is moot, this court lacks jurisdiction to hear his claims. *Foster v. Carson,* 347 F.3d 742, 745 (9th Cir.2003).

No exception to the mootness doctrine applies here. Vincent posted his cost bond more than two years prior to resolution of his state court action. Such an injury is not brief enough to fall within any exception to the mootness doctrine for "transitory" classes. *See County of Riverside v. McLaughlin,* 500 U.S. 44, 52, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991); *Sze v. INS,* 153 F.3d 1005, 1009 (9th Cir.1998) (to avoid mootness a proposed class must be "so transitory that a failure to rule may mean that a class will never be assembled") (citation omitted). Nor has Vincent shown that his individual claim is "so inherently limited in duration" that it is likely to recur, yet evade review. *Di Giorgio v. Lee (In re Di Giorgio),* 134 F.3d 971, 975 (9th Cir.1998).

Accordingly, Vincent's appeal is DISMISSED.

---

* The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.