Guy MADISON, Plaintiff—Appellant,

v.

TULALIP TRIBES OF WASHINGTON, an Indian Tribe, Defendant,

and

Department of the Interior Bureau of Indian Affairs; William A. Black, Superintendent, Bureau of Indian Affairs; Environmental Protection Agency, Defendants—Appellees.

No. 03–35464.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 3, 2004.

Decided Jan. 13, 2006.

Claudia M. Newman, Esq., Bricklin & Gendler LLP, Seattle, WA, for Plaintiff-Appellant.

John A. Bryson, Esq., U.S. Department of Justice Environment & Natural Resources Division, Brian C. Kipnis, Esq., Washington, DC, for Defendant-Appellee.

Before: KLEINFELD and CALLAHAN, Circuit Judges, and BERTELSMAN,* District Judge.

MEMORANDUM **

Appellant Guy Madison challenges the district court's grant of summary judg-

---

* The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ment disposing of his challenges to a general permit for storm water discharges the government issued to the Tulalip Tribes. This case is moot, and we dismiss it for lack of authority to hear it.[1]

Madison claims that the government failed to conduct an environmental impact statement or environmental assessment as required by the National Environmental Protection Act[2] in May of 2000 when the Tulalip Tribes obtained coverage under a 1998 regional National Pollution Discharge Elimination System storm water construction general permit to discharge storm water in connection with a construction project. In June of 2002 however, the Tribes completed the construction project and filed a "Notice of Termination" ending coverage under the permit. Moreover, the 1998 permit expired in 2003 and was replaced at that time by a new general permit due to expire in 2008. Therefore, the question of whether the EPA should have complied with NEPA when it extended coverage under the 1998 general permit is no longer live.

Both parties argue that the case is not moot because the life span of the Tribes' construction projects is short, so the controversy is capable of repeating itself yet evading review. Regardless of whether the short duration of a construction project would prevent judicial review of whether the EPA complies with NEPA when it extends permit coverage to a project, we conclude that the case is still moot because the issue here-whether the government was required to prepare an environmental impact statement for the issuance of general permit coverage to the Tribe for its construction project-is based on an argu-

ment that the 1998 general permit is a regulation. Because the 1998 general permit is no longer valid, any determination that the permit is or is not a regulation would not resolve controversies arising under the new 2003 permit. Although there may indeed be litigation between these same parties in the future, it is not clear that there would be insufficient time to challenge the coverage under the 2003 permit before it expires.

Because there is no longer a live controversy in this case, and because there will be adequate time to challenge any future permit coverage, we dismiss this case as moot. We also vacate the decision below under the doctrine of *United States v. Munsingwear, Inc.*[3]

The appeal is therefore **DISMISSED** as moot, and the decision of the district court **VACATED.**

1. *In re Burrell*, 415 F.3d 994, 998 (9th Cir. 2005); *Sze v. I.N.S.*, 153 F.3d 1005, 1007 (9th Cir.1998).

2. 42 U.S.C. § 4321 *et seq.*

3. *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39, 71 S.Ct. 104, 95 L.Ed. 36 (1950); *see also In re Burrell*, 415 F.3d at 999.