**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| DZU CONG TRAN; DANIEL MAI DINH; AUSTIN PETER TRAN, on behalf of themselves and all others similarly situated, <br><br>          Plaintiffs - Appellants, <br><br>  v. <br><br>JANET A. NAPOLITANO, Secretary, Department of Homeland Security; ALEJANDRO MAYORKAS, Director, U.S. Citizenship and Immigration Services; DONALD NEUFELD, Associate Director, USCIS Service Center Operations Directorate; CHRISTINA POULOS, Director, USCIS California Service Center; HILLARY RODHAM CLINTON, Secretary of State, U.S. Department of State; JANICE L. JACOBS, Assistant Secretary for Consular Affairs, U.S. Department of State; JOHN AND JANE DOE U.S. CONSULAR OFFICERS; CHARLES E. BENNETT, <br><br>          Defendants - Appellees. | No. 11-35277 <br><br> D.C. No. 3:10-cv-00724-ST <br><br> MEMORANDUM[*] |

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted October 10, 2012
Portland, Oregon

Before: SILVERMAN, CLIFTON, and N.R. SMITH, Circuit Judges.

Plaintiffs Dzu Cong Tran, Daniel Mai Dinh, and Austin Peter Tran are U.S. citizens who were engaged to Vietnamese citizens. Plaintiffs appeal the district court's dismissal of their Complaint challenging consular officials' refusal to issue K-1 visas to their fiancées. Plaintiffs sought various forms of relief that would change the K-1 procedures of the State Department and Department of Homeland Security U.S. Citizenship and Immigration Services. They also sought damages, based on a theory of unjust enrichment, for filing fees they allege were unlawfully required. While this appeal was pending, however, two of the three plaintiffs married their fiancées. The third plaintiff, Dzu Tran, broke up with his fiancée. Accordingly, Plaintiffs' claims seeking to change the K-1 procedures are moot and must be dismissed. We conclude that the district court properly dismissed their claim for monetary relief and affirm that dismissal.

The mootness doctrine, embedded in Article III of the Constitution, requires that a case or controversy exist at all stages of federal court proceedings. *U.S.*

2

*Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980). We do not have constitutional authority to decide moot cases. *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1087 (9th Cir. 2011). "[I]f events subsequent to the filing of the case resolve the parties' dispute, we must dismiss the case as moot." *Id.* Subsequent events mooted Plaintiffs' claims for declaratory and injunctive relief related to their K-1 visa petitions, so we do not have authority to adjudicate those claims.

These three plaintiffs are the only parties before the court. Plaintiffs alleged in their Complaint that they sought to represent a putative class of similarly-situated K-1 petitioners, but no class was certified, and Plaintiffs did not move for class certification. Plaintiffs' counsel may have had good reasons not to seek class certification at the time, but that does not alter our inability to adjudicate the claims of those absent non-parties. *See Sosna v. Iowa*, 419 U.S. 393, 399 (1975) ("When the District Court certified the propriety of the class action, the class of unnamed persons described in the certification acquired a legal status separate from the interest asserted by the appellant."). In contrast to *Sosna*, the alleged class of unnamed plaintiffs here acquired no legal interest in Plaintiffs' action.

This case is also distinguishable from our recent decision in *Pitts,* 653 F.3d at 1090, where we held that a defendant's offer of judgment to the named plaintiff did not moot the action. No act of Defendants here caused Plaintiffs' claims to

3

become moot. *Id.* at 1091 (rejecting defendant's argument that its offer of judgment under Federal Rule of Civil Procedure 68 prior to a motion for class certification mooted plaintiff's class action claim). The three plaintiffs before the court no longer have legally cognizable interests in the injunctive and declaratory relief they seek, so we must dismiss their claims as moot.

Plaintiffs also argue that their claims fall within an exception to the mootness doctrine that arises when claims are capable of repetition, yet evade review. *Alvarez v. Hill*, 667 F.3d 1061, 1065 (9th Cir. 2012). This exception is, however, "limited to extraordinary cases in which (1) the duration of the challenged action is too short to be fully litigated before it ceases, and (2) there is a reasonable expectation that the plaintiff will be subjected to the same action again." *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 983 (9th Cir. 2011) (internal quotation marks and alteration omitted). The exception does not apply when there is no expectation that the same complaining party would be subjected to the same action again. *Sze v. I.N.S.*, 153 F.3d 1005, 1009 (9th Cir. 1998) (citing *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)). There is no reasonable expectation that Plaintiffs will be subject to the complained-of procedures again. Two of the Plaintiffs are now married and the third no longer seeks a K-1 visa because his relationship ended. While it is possible that one of the

4

Plaintiffs will again file a petition on behalf of a non-citizen fiancée, that possibility is too speculative to warrant application of the "capable of repetition, yet evading review" exception to the mootness doctrine. *See Alvarez*, 667 F.3d at 1064 (rejecting as too speculative a former prisoner's argument that he may again be subjected to the challenged prison policies, because he completed his sentence and had been released).

Plaintiffs argue that they nonetheless possess a cognizable claim to a refund of filing fees that they paid for the K-1 visas they were unable to obtain. These claims are not moot. Plaintiffs Dinh and Peter Tran indisputably paid additional fees after the rejection of their original K-1 visa petitions: Dinh for a new, successful K-1 petition and Tran for an I-130 petition. They allege that they would not have paid the additional fees absent the consular officials' bad faith denial of their original petitions.

The district court dismissed these claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. This court reviews *de novo* a district court's dismissal of a complaint for failure to state a claim. *Manazarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030 (9th Cir. 2008).

5

The Administrative Procedure Act provides plaintiffs a comprehensive remedial scheme for alleged harm suffered through agency action. 5 U.S.C. §§ 701-706; *see also W. Radio Servs. v. U.S. Forest Serv.*, 578 F.3d 1116, 1122 (9th Cir. 2009). But the Act does not permit claims for money damages. 5 U.S.C. § 702; *W. Radio Servs.*, 578 F.3d at 1123. Plaintiffs show no basis for a claim that any statute contemplates "specific relief" entitling them to repayment of these fees. *See Bowen v. Mass.*, 487 U.S. 879, 895 (1988) (holding that the Administrative Procedure Act does not allow claims for money damages, but allows monetary relief when a plaintiff seeks to enforce a statutory mandate). As Plaintiffs seek compensation, not enforcement of a statutory mandate, they fail to state a claim upon which relief may be granted.

Costs are awarded to Defendants.

**DISMISSED in part and AFFIRMED in part.**