**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

FEB 05 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILDERNESS WATCH and FRIENDS OF THE CLEARWATER, | No. 13-35610 |
| Plaintiffs - Appellants, | D.C. No. 9:12-cv-00102-DWM |
| v. | MEMORANDUM[*] |
| JULIE KING; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, Senior District Judge, Presiding

Argued and Submitted January 22, 2015
Billings, Montana

Before: THOMAS, Chief Judge, and HAWKINS and CHRISTEN, Circuit Judges.

This appeal challenges the adverse grant of summary judgment on claims

brought by environmental advocacy organizations Wilderness Watch and Friends of

the Clearwater (collectively "Watch") that the U.S. Forest Service ("USFS") violated

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

the Wilderness Act, National Environmental Policy Act, and National Forest Management Act when it authorized two helicopter flights to deliver replacement parts to the Fred Burr High Lake dam located within the Selway-Bitterroot Wilderness Area ("Wilderness Area").  We dismiss for lack of jurisdiction because the case is moot, and the "capable of repetition yet evading review" exception does not apply.[1]

Before exercising jurisdiction, a court must ensure that the case is not moot. *See Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1098 (9th Cir. 2000), *cert. denied*, 532 U.S. 905 (2001).  Thus, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."  *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975).  "Where the activities sought to be enjoined have already occurred, and the appellate courts cannot undo what has already been done, the action is moot." *Headwaters, Inc. v. Bureau of Land Mgmt.*, 893 F.2d 1012, 1015 (9th Cir. 1989) (quoting *Friends of the Earth, Inc. v. Bergland*, 576 F.2d 1377, 1379 (9th Cir. 1978)). Watch's prayer for injunctive relief is moot because the challenged flight already occurred, and we cannot undo what has already been done.

A court may invoke jurisdiction over a claim for declaratory relief even if a case is moot with respect to injunctive relief.  *Feldman v. Bomar*, 518 F.3d 637, 642 (9th Cir. 2008) (citing *Super Tire Eng'g Co. v. McCorkle*, 416 U.S. 115, 121–22 (1974)).

---

[1]  We also grant USFS' unopposed motion to supplement the record.

*Super Tire* reasoned that such a claim remains live if a challenged policy is fixed and definite, not contingent upon executive discretion, and by its continuing presence casts a substantial adverse effect on the interests of the parties. 416 U.S. at 122–24. As Watch does not challenge a fixed and definite policy, but rather a single fact-dependent authorization involving USFS discretion, the prayer for declaratory relief is also moot.

An otherwise moot action may still be subject to review under the "capable of repetition, yet evading review" exception, which applies when both the duration of the challenged action is too short to allow full litigation before it ceases, and there is a reasonable expectation that the plaintiffs will be subjected to the same action again. *See Spencer v. Kemna*, 523 U.S. 1, 17 (1998).

Watch does not demonstrate a reasonable expectation of repeat exposure to the conduct it challenges for two reasons. First, USFS has only authorized flights to Fred Burr dam twice since the Wilderness Act was enacted in 1964, and no future flights to the dam are planned or envisioned. Second, the relevant statutes and regulations do not prohibit helicopter flights altogether, but rather permit them in certain circumstances, subject to case-by-case determination. *See* 16 U.S.C. §§ 1133(c), 1134(b); 36 C.F.R. § 293.13.

3

Given that each flight authorization involves individualized consideration of the particular dam's maintenance requirements, the viability of non-motorized alternatives, and the project's impact on wilderness, the recurrence of circumstances similar to those surrounding this flight is a mere "speculative possibility [that] does not constitute a 'reasonable expectation.'" *W. Coast Seafood Processors Ass'n v. Natural Res. Def. Council, Inc.*, 643 F.3d 701, 705 (9th Cir. 2011) (citing *Sze v. INS*, 153 F.3d 1005, 1009 (9th Cir. 1998)).[2]

As a result, Watch's challenge is moot, and the only relevant mootness exception does not apply.

**DISMISSED.**

---

[2] As Watch must satisfy both prongs of this exception, we need not evaluate whether the challenge "evades review."

4