Nina **IZRAILEVA**, Plaintiff,

v.

Michael **CHERTOFF**, et al., Defendants.

Case No. 8:07–CV–21–T–27MSS.

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 23, 2007.

Nina Izraileva, Hudson, FL, pro se.

Javier M. Guzman, U.S. Attorney's Office, Tampa, FL, for Defendants.

### ORDER

JAMES D. WHITTEMORE, District Judge.

**BEFORE THE COURT** is the Report and Recommendation submitted by the Magistrate Judge recommending that (Dkt. 10) Defendants' Motion to Dismiss Complaint be denied. (Dkt. 19). Neither party filed written objections to the Report and Recommendation.

According to the Complaint, Plaintiff applied for naturalization on August 30, 2004 and was interviewed by U.S. Citizenship and Immigration Services ("CIS") on March 22, 2005. (Dkt. 1). Although Plaintiff received correspondence from CIS indicating that her application had been recommended for approval, by the time this action was filed on January 4, 2007, more than a year and a half had passed since Plaintiff's examination by CIS and CIS had not adjudicated Plaintiff's application. Plaintiff filed the instant action pursuant to 8 U.S.C. § 1447(b), requesting a hearing before the district court or, in the alternative, a "remand requiring Defendants to immediately adjudicate Plaintiff's naturalization application," because CIS had not adjudicated her application within 120 days of her examination by CIS, as required by § 1447(b). (Dkt. 1, ¶ 17).

On April 12, 2007, four months after this action was filed, CIS finally denied Plaintiff's application. (Dkt. 17, Exh. 1). In the Motion to Dismiss, Defendants contend that the adjudication rendered this action moot, depriving this Court of subject matter jurisdiction over Plaintiff's § 1447(b) action. The Magistrate Judge concluded otherwise, relying on two Circuit Court decisions which have squarely addressed the issue.[1]

In both decisions relied on by the Magistrate Judge, those courts relied on the plain language of § 1447(b) and held that the filing of a § 1447(b) action vests exclu-

---

1. As noted by the Magistrate Judge, the Eleventh Circuit has not addressed the issue.

sive jurisdiction in the district court. *United States v. Hovsepian*, 359 F.3d 1144, 1160 (9th Cir.2004) ("This wording shows that Congress intended to vest power to decide languishing naturalization applications in the district court alone, unless the court chooses to "remand the matter" to the INS, with the court's instructions."); *Etape v. Chertoff*, 497 F.3d 379, 384 (4th Cir.2007) ("In sum, the plain language of the statute clearly supports the applicants' position that proper filing of a § 1447(b) petition provides a federal court with exclusive jurisdiction over a naturalization application."). Pursuant to these authorities, once a § 1447(b) action is filed, the CIS is stripped of jurisdiction over a naturalization application and its post suit adjudication of the naturalization application is effectively a nullity. *Etape v. Chertoff*, 497 F.3d at 388 ("[W]e hold that the CIS did not have jurisdiction to act when it denied Etape and Rahim's naturalization applications.").

■ This Court agrees with the Magistrate Judge that the reasoning in *Hovsepian*, an *en banc* decision of the Ninth Circuit, is sound. That Court thoroughly analyzed the statute and the Congressional intent evidenced by the plain language of the statute. In *Etape*, the Fourth Circuit likewise examined the language of the statute and agreed with *Hovsepian*. The Court in *Etape*, in addition to examining the language of the statute, considered "precedent directing the proper interpretation of such language, and the larger statutory context." 497 F.3d at 382. The reasoning and conclusions of *Hovsepian* and *Etape* are persuasive.[2]

In sum, this Court concludes that the plain language of § 1447(b) and its legislative history confirms Congressional intent to strip CIS of jurisdiction if it does not adjudicate a naturalization application within 120 days of the applicant's examination. As recently observed by the Fifth Circuit, the language in § 1447(b) is virtually identical to that in the proposed 1989 version. *Walji v. Gonzales*, 500 F.3d 432, 438 (5th Cir.2007) ("When Congress later established a 120–day limit in 1990, it used virtually identical language as that used in the proposed 1989 legislation."). The Fifth Circuit quoted from a 1989 report of the Committee on the Judiciary which discussed the purpose of the proposed bill that would amend § 1447(b):

> Where there has been a failure to make a determination under [§ 1446] before the end of the 90–day period after the date on which the examination is conducted under such section, the United States district court for the district in which the applicant resides shall upon the demand of the petitioner exercise *exclusive* jurisdiction over the matter. H.R.Rep. No. 101–187, at 34 (1989) (*emphasis added*).

*Walji v. Gonzales*, 500 F.3d at 437–38.

The only other Circuit Court decision on the issue is *Kia v. U.S. Immigration & Naturalization Service*, No. 98–2399, 175 F.3d 1014, 1999 WL 172818 (4th Cir. Mar. 30, 1999). *Kia*, however, is an unpublished Fourth Circuit decision and was effectively overruled by that Circuit's decision in *Etape v. Chertoff, supra*.[3]

Not every failure of an agency to act within a time frame mandated by Con-

---

2. The dissent in *Etape* concludes that § 1447(b) vests concurrent jurisdiction in the district courts. 497 F.3d at 393.

3. The Magistrate Judge correctly notes that *Kia* relied on a 9th Circuit decision which pre-dated *United States v. Hovsepian* and has therefore been effectively overruled by *Hovse-*

gress strips the agency of its authority to act in an untimely manner. *See Brock v. Pierce County*, 476 U.S. 253, 260, 106 S.Ct. 1834, 90 L.Ed.2d 248 (1986). In *Brock*, the Court reasoned that absent a clear indication in the statutory language or legislative history, "courts should not assume that Congress intended the agency to lose its power to act" in providing a time limit on agency action. 476 U.S. at 260, 106 S.Ct. 1834. Since *Brock*, the Supreme Court has confirmed that rationale. *Barnhart v. Peabody Coal Co.*, 537 U.S. 149, 163, 123 S.Ct. 748, 154 L.Ed.2d 653 (2003) ("Nor, since *Brock*, have we ever construed a provision that the Government "shall" act within a specified time, without more, as a jurisdictional limit precluding action later.") (citing *United States v. Montalvo–Murillo*, 495 U.S. 711, 714, 110 S.Ct. 2072, 109 L.Ed.2d 720 (1990), *Regions Hospital v. Shalala*, 522 U.S. 448, 459 n. 3, 118 S.Ct. 909, 139 L.Ed.2d 895 (1998); and *United States v. James Daniel Good Real Property*, 510 U.S. 43, 63, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993) (We have summed up

this way: "if a statute does not specify a consequence for noncompliance with statutory timing provisions, the federal courts will not in the ordinary course impose their own coercive sanction.")). The Court reasoned: "In each of these instances, we draw a conclusion on grounds of plausibility: if Congress had meant to set a counterintuitive limit on authority to act, it would have said more than it did, and would surely not have couched its intent in language *Brock* had already held to lack any clear jurisdictional significance." *Barnhart v. Peabody Coal Co.*, 537 U.S. at 163, 123 S.Ct. 748.

With respect to § 1447(b), Congress did say more. Unlike the statutory language construed in *Brock*, § 1447(b) expressly includes a "consequence" if CIS does not adjudicate a naturalization application in a timely manner.[4] When a § 1447(b) action is filed, jurisdiction is vested in the district court. *United States v. Hovsepian*, 359 F.3d at 1161 ("Further, § 1447(b) specifies a consequence for failure to meet this

---

*pian.* Moreover, *Etape* was written by a Circuit Judge (J. Motz) who was on the *Kia* panel. Presumably, therefore, *Kia* has likewise been effectively overruled by *Etape*.

4. The Supreme Court has recognized that "[m]any consequences ... are intended to induce an obligated person to take untimely action, rather than bar that action altogether." *Barnhart v. Peabody Coal Co.*, 537 U.S. 149, 164, n. 9, 123 S.Ct. 748, 154 L.Ed.2d 653 (2003). Absent the legislative history of § 1447(b) referenced above, a compelling argument could be made, as was made by Senior Judge Hamilton in his dissent in *Etape*, that § 1447(b) was intended by Congress to "spur the CIS to take action," not to strip CIS of jurisdiction to take action:

    The logic of *Brock* and our Fourth Circuit jurisprudence applying *Brock* strongly suggests that when a statutory deadline for agency action written in mandatory terms is paired with a grant of jurisdiction to another if the agency fails to meet the dead-

line, courts should not assume that Congress intended a jurisdiction stripping consequence, especially when important public rights are at stake. Rather, in such a context courts should examine the normal indicia of congressional intent to determine whether Congress meant the statutory provision to be jurisdiction stripping. As I have already explained, examination of the normal indicia of congressional intent in regard to the statutory question before us clearly and consistently shows intent on the part of Congress to spur the CIS to action, but no intent on the part of Congress that a naturalization applicant's proper filing of a § 1447(b) petition in district court immediately and automatically divest the Attorney General of the authority the Immigration Act of 1990 statutorily conferred upon him to grant or deny applications for naturalization.

*Etape v. Chertoff*, 497 F.3d 379, 396 (Hamilton, Sr. Circuit Judge, dissenting.)

deadline, namely, that the district court gains jurisdiction over the matter ...") That "consequence," as evidenced by the Judiciary Committee's report, reflects Congressional intent to create an enforcement bar" by vesting exclusive jurisdiction in the district court. Section 1447(b) is therefore an "effective jurisdiction-stripping statute." *Id.* The language of the statute operates as an express enforcement bar, rather than a less drastic remedy such as a judicial remedy to compel agency action. *See General Motors Corp. v. United States,* 496 U.S. 530, 541–42, 110 S.Ct. 2528, 110 L.Ed.2d 480 (1990) ("When, as here, there are less drastic remedies available for failure to meet a statutory deadline, courts should not assume that Congress intended the agency to lose its power to act." ... "In the absence of a specific provision suggesting that Congress intended to create an enforcement bar, we decline to infer one.").

■ Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of certain "Cases" and "Controversies." U.S. Const. art. III, § 2. The doctrine of mootness is derived from this limitation. *Adler v. Duval County School Bd.,* 112 F.3d 1475, 1477 (11th Cir. 1997). When a case is moot, the district court is divested of subject matter jurisdiction due to the lack of case or controversy. *Nat'l Adver. Co. v. City of Miami,* 402 F.3d 1329, 1332 (11th Cir.2005). Upon the filing of Plaintiff's § 1447(b) complaint, jurisdiction was exclusively vested in the district court. The subsequent adjudication of Plaintiff's naturalization application was therefore a nullity and did not render this action moot. This Court has subject matter jurisdiction. Defendants' Motion to Dismiss is therefore properly DENIED. Accordingly, it is

**ORDERED AND ADJUDGED:**

1) The Report and Recommendation (Dkt. 19) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2) Defendants' Motion to Dismiss Complaint (Dkt. 10) is **DENIED.**

3) Defendants shall answer Plaintiff's Complaint within fifteen (15) days from the date of this Order.

4) The parties shall file a Case Management Report within twenty (20) days from the date of this Order.

### *REPORT AND RECOMMENDATION*

MARY S. SCRIVEN, United States Magistrate Judge.

**THIS CAUSE** comes before the Court on consideration of Defendants' Motion to Dismiss Complaint (the "Motion"), filed on March 13, 2007.[1] (Dkt. 10) In the Motion, Defendants request that the Court dismiss the Complaint in this case for lack of subject matter jurisdiction. Plaintiff filed this action pursuant to 8 U.S.C. § 1447(b), seeking the Court to adjudicate her application for naturalization or, in the alternative, to remand the matter to the United States Citizenship and Immigration Service ("CIS" or "Defendants") with instructions for adjudicating her claim. (Dkt. 1) CIS claims in its Motion that it has since adjudicated Plaintiff's application for naturalization, thereby rendering the action moot.

---

1. This matter was referred to the Undersigned by the District Court Judge assigned to this case for a Report and Recommendation.

Having considered the respective positions of the parties, the Undersigned **REPORTS AND RECOMMENDS** that Defendants' Motion be **DENIED**.

*STANDARD OF REVIEW*

The threshold for surviving a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) is a low one. *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al.*, 711 F.2d 989, 995 (11th Cir.1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* (citing *Sanjuan v. American Board of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir.1994)). In evaluating the sufficiency of a complaint in light of a motion to dismiss, the pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff. *Quality Foods*, 711 F.2d at 994–95. However, the court should not assume that the plaintiff can prove facts that were not alleged. *Id.* Further, conclusory allegations are not accepted as true. *Gersten v. Rundle*, 833 F.Supp. 906, 910 (S.D.Fla.1993) (citing *Assoc. Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir.1974)).

*PROCEDURAL HISTORY AND FACTUAL BACKGROUND*

Plaintiff filed an application for naturalization on August 30, 2004, and was interviewed by CIS on March 22, 2005. (Dkt. 1) On January 4, 2007, after the application had remained pending almost two years, Plaintiff filed this suit in federal court, pursuant to 8 U.S.C. § 1447(b), to have the Court adjudicate her application for naturalization. (Dkt. 1) The relevant provision of 8 U.S.C. § 1447(b) states:

> If there is a failure to make a determination [of an application for naturalization] before the end of the 120–day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the [CIS] to determine the matter.

In her Complaint, Plaintiff requests "that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order adjudicating the naturalization application. In the alternative, the Court may remand requiring Defendants to immediately adjudicate Plaintiff's naturalization application." (Dkt. 1)

The Court entered a Report and Recommendation on July 12, 2007, recommending denial of Defendants' Motion to Dismiss on a procedural matter. (Dkt. 16) Specifically, the Court noted that contrary to its initial assertion, Defendants failed to show that the CIS had fully adjudicated Plaintiff's naturalization application. (Dkt. 16) Subsequently, Defendants filed a response to the undersigned's Report and Recommendation clarifying that the CIS had fully adjudicated Plaintiff's naturalization application as it mailed Plaintiff its Decision, but mistakenly failed to file it with the Court. (Dkt. 17) After resolving this procedural issue, the District Judge referred the matter back to the Undersigned to address the merits of Defendants' jurisdictional argument. (Dkt. 18)

*DISCUSSION*

Defendants contend that the CIS action finally taken after Plaintiff filed suit in this Court as authorized by 8 U.S.C. § 1447(b) has divested this Court of jurisdiction to consider this matter. Plaintiff responds that 8 U.S.C. § 1447(b) grants the district court exclusive jurisdiction over an immigration application where, as here, the CIS has waited more than 120 days after its administrative hearing to make a determination to grant or deny the application and the petitioner has filed suit in the district court.

The Eleventh Circuit has not addressed this issue. The prevailing authority on this question is the en banc decision of the Ninth Circuit in *United States v. Hovsepian,* 359 F.3d 1144, 1159–64 (9th Cir.2004). Its reasoning is sound and well articulated and need not be paraphrased or restated here. Most recently since the parties' filings in this case, in *Etape v. Chertoff,* 497 F.3d 379, 387–88 (4th Cir.2007), the Fourth Circuit has reached the same conclusion, overturning a contrary district court's opinion cited by the Government in its memorandum before this Court. (Defs.' Mtn. to Dismiss 2) (citing *Etape v. Chertoff,* 446 F.Supp.2d 408, 418 (D.Md.2006)). To the same effect are the following decisions: *Kalla v. Chertoff,* No. 06–1732, 2007 WL 415157, at *3 (N.D.Ga. Feb. 6, 2007) (finding the en banc decision of the Ninth Circuit in *Hovsepian* persuasive authority and concluding that plaintiff's filing of a complaint vested the court with exclusive jurisdiction over plaintiff's application process so that CIS's subsequent decision on the application was without legal effect and therefore did not render the action moot); *Zaranska v. U.S. Dep't of Homeland Security,* 400 F.Supp.2d 500, 503 (E.D.N.Y.

2005) (agreeing with the Ninth Circuit that Section 1447(b) "both requires the CIS to act within a certain period of time and specifies a consequence for failure to comply with the deadline (placing jurisdiction . . . in the district courts), thereby indicating an intent to strip the agency of jurisdiction"); *Castracani v. Chertoff,* 377 F.Supp.2d 71, 73 (D.D.C.2005) (relying on *Hovsepian* and finding that the district court has exclusive jurisdiction over the naturalization applications on which the CIS has failed to act in a timely fashion); *Meyersiek v. CIS,* No. CA 05–398 ML, 2006 WL 1582397 at *2 (D.R.I. June 6, 2006) (citing *Hovsepian* as a basis for denying defendant's motion to dismiss for lack of subject matter jurisdiction and reasoning that Section 11447(b) is an effective jurisdiction-stripping statute).

The only contrary authorities cited by the Government are *Perry v. Gonzales,* 472 F.Supp.2d 623, 630 (D.N.J.2007); *Farah v. Gonzales,* No. 05–1944, 2006 WL 1116526, at *2 (D.Minn. Apr. 26, 2006); and *Kia v. INS,* 175 F.3d 1014, No. 98–2399, 1999 WL 172818, at *1 (4th Cir. Mar. 30, 1999). *Perry* placed heavy reliance on the district court's opinion in *Etape* that has since been overruled under the weight and reasoning of *Hovsepian. See Etape v. Chertoff,* 497 F.3d at 382–84. *Kia* a two page, unreported, non binding decision of the Fourth Circuit which, if it ever had any precedential value, has effectively been overruled by the Fourth Circuit's binding precedent in *Etape.* Moreover, *Kia* relied on a Ninth Circuit decision that pre-dated and has since been overruled by *Hovsepian. Kia v. INS,* 1999 WL 172818, at *1 (relying on *Sze v. INS,* 153 F.3d 1005 (9th Cir.1998) to dismiss plaintiff's appeal brought under 8 U.S.C. 1447(b) for lack of jurisdiction). *Farah* was fairly distin-

guished by the *Kalla* court.[2]

In sum, the majority view and prevailing wisdom is as follows:

> The law provides that if CIS fails to make a determination of a naturalization application within 120 days after the applicant's examination, "the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter." 8 U.S.C. § 1447(b). In that event, the district court "has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter. *Id.*"

*Kalla v. Chertoff*, 2007 WL 415157, at *2. This jurisdiction is exclusive, and the CIS is divested of authority to act on such a petition unless the district court exercises its statutorily granted authority to "remand the matter" to the CIS with instructions to determine the petition. Consequently, any adjudication by the CIS made after the Complaint was filed was without statutory or other legal authority and could not have constituted final adjudication divesting the this District Court of its exclusive jurisdiction over the matter.

*CONCLUSION*

For the foregoing reasons, the Undersigned finds that Plaintiff's Complaint brought before this Court pursuant to 8 U.S.C. § 1447(b) vests this District Court with exclusive jurisdiction, unless and until the court "remands the matter" to the CIS. Accordingly, the Undersigned **REPORTS AND RECOMMENDS** that Defendants' Motion to dismiss for lack of subject matter jurisdiction (Dkt. 10) should be **DENIED**.

2. *Kalla v. Chertoff*, 2007 WL 415157, at *3.

**RESPECTFULLY RECOMMENDED** in Tampa, Florida on this 11th day of September 2007.