Haytham AL–ATIYEH, Plaintiff–Petitioner,

v.

Linda SWACINA, District Director, United States Citizenship & Immigration Services, Miami District, et al., Defendants.

Case No. 09–20210–CIV.

United States District Court, S.D. Florida.

Aug. 31, 2009.

Mary M. Gundrum, Tania Galloni, Miami, FL, for Plaintiff–Petitioner.

Dexter Lee, United States Attorney's Office, Miami, FL, for Defendants.

### *ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND REMANDING CASE TO% USCIS*

PATRICIA A. SEITZ, District Judge.

THIS MATTER is before the Court on Defendants' Motion to Dismiss for Mootness [DE–9]. On January 27, 2009, Plaintiff Haytham Al–Atiyeh filed a Petition for Naturalization Hearing (the "Petition"), which asks the Court to rule on his application for naturalization, given the United States Citizenship and Immigration Services ("USCIS") failure to render a decision within 120–days of his February 2006 naturalization examination [DE–1]. In re

sponse, Defendants moved to dismiss the Petition for lack of subject matter jurisdiction because USCIS denied Mr. Al–Atiyeh's naturalization application on March 20, 2009, or approximately two-months after Plaintiff filed this action [DE–9].

After considering Defendants' Motion, the applicable law and the entire record, the Court will deny the Motion to Dismiss because the filing of the petition conferred upon the Court exclusive jurisdiction over this matter and USCIS's denial of the petition is null and void. However, the Court will remand the matter to USCIS, with instructions.

## I. *FACTUAL AND PROCEDURAL BACKGROUND*

The following facts are not in dispute. Plaintiff Haytham Al–Atiyeh is an Iraqi national, who has been a permanent resident of the United States for approximately nine (9) years. (Petition, ¶¶ 27–28.) In July 2005, Plaintiff applied for naturalization, and completed his naturalization examination on February 24, 2006 (the "Naturalization Application"). *Id.,* ¶¶ 29–30. Plaintiff alleges that he made numerous inquiries to USCIS about the status of his Naturalization Application, but that USCIS failed to render a decision. *Id.,* ¶ 31.

On January 27, 2009, Plaintiff filed the instant Petition, pursuant to 8 U.S.C. § 1447(b), which requests that the Court adjudicate his Naturalization Application [DE–1]. However, on March 30, 2009, or approximately two-months after Plaintiff filed the Petition, USCIS denied his Naturalization Application. (Motion to Dismiss, ¶ 1; Response to Motion to Dismiss, p. 6

[DE–13].) On April 27, 2009, Defendants moved to dismiss this matter as moot, given USCIS' denial of Mr. Al–Atiyeh's Naturalization Application [DE–9].

## II. *DISCUSSION*

The resolution of this matter turns on two issues: (1) whether the Court may exercise subject matter jurisdiction over Plaintiff's January 2009 Petition, despite USCIS' denial of his Naturalization Application on March 30, 2009; and if so, (2) whether the Court should adjudicate the Naturalization Application or remand the matter to USCIS with appropriate instructions. Each issue is addressed in turn.

### A. *Subject Matter Jurisdiction*

Federal district courts have subject matter jurisdiction over naturalization applications in only two situations. First, if an application has been denied, an applicant may petition for a *de novo* review of the denial in district court, but only "after a hearing before an immigration officer under section 1447(a)." 8 U.S.C. § 1421(c). Second, an applicant, such as Mr. Al–Atiyeh, may petition a district court for a hearing if USCIS fails to render a decision on the application "before the end of the 120–day period after the date on which the examination is conducted." 8 U.S.C. § 1447(b). The district court then has jurisdiction over the naturalization application to either "determine the matter or remand the matter, with appropriate instructions, to [USCIS].[1]" *Id.*

Plaintiff argues that his January 2009 Petition vested the Court with *exclusive*

---

1. Section 1447(b) states that:
   If there is a failure to make a determination under section 1446 of this title before the end of the 120–day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.
   8 U.S.C. § 1447(b).

jurisdiction to adjudicate or remand his Naturalization Application because Defendants failed to act on his application within 120 days of his naturalization examination. Plaintiff contends that USCIS lacked jurisdiction to deny his application on March 30, 2009. In response, Defendants argue that the January 2009 Petition merely conferred *concurrent* jurisdiction over Plaintiff's Naturalization Application, shared jointly by the Court and USCIS—thus, Defendants argue that this action must be dismissed as moot, given USCIS' March 30, 2009 denial of Plaintiff's Naturalization Application.[2]

■ There is a split of authority as to whether a § 1447(b) petition, such as the one Mr. Al–Atiyeh filed, confers exclusive or concurrent jurisdiction on the district court. *See Etape v. Chertoff,* 497 F.3d 379, 388 (4th Cir.2007) (holding that USCIS does not have jurisdiction after filing of § 1447(b) petition); *United States v. Hovsepian,* 359 F.3d 1144, 1160–1163 (9th Cir.2004) (same); *Izraileva v. Chertoff,* 2007 WL 3120255, * at 1 (M.D.Fla.2007) (same); *cf., Bello–Camp v. Attorney General, USA,* 2009 WL 813146, * at 5 (M.D.Fla.2009) (holding that § 1447(b) confers concurrent jurisdiction upon the district court and USCIS). The Eleventh Circuit has not squarely addressed the issue. Having considered the relevant case law, the Court finds that § 1447(b) confers exclusive jurisdiction on the district court for two reasons.

First, the only Circuit opinions to have addressed this issue have expressly held that § 1447(b) grants exclusive jurisdiction

to the district courts, while divesting US-CIS of its jurisdiction. *See Etape,* 497 F.3d at 388 ("§ 1447(b) vests the district court with exclusive jurisdiction"); *Hovsepian,* 359 F.3d at 1160–1163 (district court have exclusive jurisdiction under § 1447(b)). Accordingly, and in the absence of Eleventh Circuit precedent, the strongest and most persuasive authority suggests that USCIS acted without jurisdiction in denying Plaintiff's Naturalization Application. *See id.*

Second, and most importantly, the plain language of § 1447(b) must be read to confer exclusive jurisdiction on the district court. *See Ortega Trujillo v. Banco Central Del Ecuador,* 379 F.3d 1298, 1302 (11th Cir.2004) ("[t]he starting point for all statutory interpretation is the language of the statute itself"). The Section states:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120–day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.
>
> 8 U.S.C. § 1447(b).

As an initial observation, § 1447(b) simply states that the district court "has jurisdiction over the matter," with no indication that such jurisdiction is jointly or concur-

---

**2.** In other words, the Court's ability to adjudicate Mr. Al–Atiyeh's Petition turns on whether the Court maintains exclusive or concurrent jurisdiction (shared with USCIS) over matters brought pursuant to 8 U.S.C. § 1447(b). If the Court shares concurrent jurisdiction with USCIS, then Plaintiff's Naturalization Application has already been decided by USCIS, and this case must be dismissed as moot. On the other hand, if the Court retains exclusive jurisdiction under § 1447(b), USCIS denied the Naturalization Application without jurisdiction—in this situation, Plaintiff's Petition and Naturalization Application would remain a live controversy which the Court could adjudicate or remand with appropriate instructions.

rently shared with USCIS. Furthermore, § 1447(b) expressly confers the Court with the ability to "determine ... or *remand* the matter"—quite simply, the power to remand to USCIS implicitly suggests that USCIS lacks jurisdiction at that time. In other words, if USCIS shared concurrent jurisdiction over Plaintiff's Naturalization Application, the Court's power to remand to USCIS would be rendered meaningless. *See Hovsepian*, 359 F.3d at 1161 ("[i]f the INS already had the power 'to determine the matter'... this phrase would be surplusage."). Because the Court must interpret § 1447(b) to give effect to *all* words and provisions, *see United States v. Canals–Jimenez*, 943 F.2d 1284, 1287 (11th Cir.1991), the plain language of the statute confers exclusive jurisdiction to the district court.[3]

Thus, USCIS, in denying Plaintiff's Naturalization Application after the filing of his § 1447(b) Petition, acted in the absence of jurisdiction. Therefore, the March 30, 2009 USCIS denial decision is void, and accordingly, the Court must exercise subject matter jurisdiction over Plaintiff's Petition.

**B.** *Remand to USCIS*

■ Although the Court finds that it has subject matter jurisdiction over this case, § 1447(b) provides that the district court has discretion to "either determine the matter or remand the matter [to US-CIS], with appropriate instructions." 8 U.S.C. § 1447(b). Therefore, while the Court has the authority to decide Plaintiff's Naturalization Application, remand is the better course at this time, given that USCIS is better able, in the first instance, to evaluate the information in the Naturalization Application, to identify any concerns therein and otherwise develop the record. *See Silebi De Donado v. Swacina*, 486 F.Supp.2d 1360, 1364 (S.D.Fla.2007) (following majority of courts which have remanded similar cases back to the USCIS for final determination) (citations omitted). Thus, the Court will remand with the instructions that Plaintiff has requested to develop a full record.

**III. CONCLUSION**

Accordingly, for the reasons stated above, it is hereby

ORDERED THAT

(1) Defendants' Motion to Dismiss [DE–9] is DENIED.

(2) This matter is REMANDED to the USCIS and USCIS is directed to (a) supply Mr. Al–Atiyeh with a copy of his immigration file by **September 30, 2009;** (b) schedule a review hearing on the application by **October 30, 2009;** and, (c) render a final decision by **November 30, 2009.**

(3) If a decision on Plaintiff's Application has not issued by **November 30, 2009,** Plaintiff shall file notice with the Court, setting forth the status of his Naturalization Application, whereupon the Court will consider reopening the case to render a decision on naturalization;

---

**3.** In support of their position, Defendants rely heavily upon two district court cases, *Bello–Camp v. Attorney General*, 2009 WL 813146, * at 5 (M.D.Fla.2009) and *Fatayer v. Swacina*, 2008 WL 4279688, * at 3 (M.D.Fla.2008), which both hold that § 1447(b) confers concurrent jurisdiction over USCIS and the district court. Those cases, however, merely reason that concurrent jurisdiction (as opposed to exclusive district court jurisdiction) provides the more "practical" approach to speed the timely resolution of naturalization applications. *See id.* Significantly, this rationale, while certainly in the interests of judicial economy, is inconsistent with the plain language of § 1447(b), as well as the express ruling of sister Circuits. *See Etape*, 497 F.3d at 388 ("§ 1447(b) vests the district court with exclusive jurisdiction"); *Hovsepian*, 359 F.3d at 1160 (district court had exclusive jurisdiction under Section 1447(b)).

(4) All pending motions not otherwise ruled upon are DENIED AS MOOT and this case is administratively CLOSED.